Ryce v. Ryce.

---

RYCE v. RYCE.

PARENT AND CHILD.—*Divorce.*—*Custody of Children.*—*Revocation of Order.*— *Practice.*—In decreeing a divorce, the court gave the custody and guardianship of a minor child of the marriage to the mother until the further order of the court, ordering, among other things, that she should not, without the consent of the court, permanently remove said child beyond its jurisdiction. Afterward, the mother filed a motion in said court to modify the decree so as to give her the custody of the child without condition or restriction as to her place of residence. The father filed an answer, or "cross motion," asking the court to revoke said order. The mother then withdrew her motion.

*Held,* that there was no error in refusing to dismiss the motion of the father upon the withdrawal of that of the mother.

Ryce v. Ryce.

SAME.—The mother answered said motion of the father, and, upon the hearing, the court revoked said order, and gave the custody of the child to the father, which action the Supreme Court refused to disturb upon the evidence.

From the Vigo Common Pleas.

D. W. Voorhees and A. B. Carlton, for appellant.

J. P. Baird and C. Cruft, for appellee.

DOWNEY, J.—On the 12th day of May, 1871, the parties to this proceeding were divorced, on the ground that the appellee had failed to provide for his family. Until the further order of the court, the custody and guardianship of Lucius C. Ryce, the child of the parties, then about five years of age, were given to the appellant, and she was charged with his support. It was also ordered that the appellee should have the right, at all proper and reasonable times, to see and converse with the child; that, for this purpose, the appellant should permit the child to visit or be taken to the residence of his grandfather, Lucius Ryce, at reasonable times, and that the appellant should not permanently remove the child beyond the jurisdiction of the court, without the consent of the court, etc.

On the 28th day of August, 1871, the appellant filed a motion to modify the decree, so as to give her the custody of the child without any condition or restriction as to her place of residence.

On the 15th day of November, 1872, the appellee filed an answer to the motion of the appellant, which assumed the form of, and is denominated, a cross motion. In this he alleged that she had shown herself unfit to have the custody of the child; that she had neglected its education, had refused to permit the appellee to see it, had taken the child out of the jurisdiction of the court without leave of the court, and kept it away for more than a year; that she had permanently removed to another state, and was about to go to Europe, taking the child with her, and intending to remain for an indefinite period; that she was allowing the

child to grow up in ignorance, to acquire vicious habits, and teaching it to hate appellee. He alleges his competency to have the custody of the child, and asks the court to revoke the order giving its custody to the appellant.

On the same day, the 16th day of November, 1872, when the cause was called, the appellant dismissed or withdrew her motion, and moved the court to dismiss the motion of the appellee, for the reason that the dismissal or withdrawal of her motion operated as a dismissal of the appellee's cross motion also. This motion the court overruled. The appellant then filed an answer to the cross motion of the appellee, consisting of a general denial and a special paragraph in which she alleged that the appellee was an improper person to have the custody of the child, stating the reasons therefor, and praying for the unconditional custody of the child.

Upon the hearing, the court revoked and set aside the order granting the custody of the child to the mother, and refused to grant a new trial on her motion.

The errors alleged are:

1. Refusing to dismiss the appellee's answer and cross motion, when the appellant had dismissed her motion.

2. Rescinding the former order giving the custody of the child to the mother.

3. Refusing to grant a new trial.

Under the first assignment of error, it is claimed by counsel for the appellant that the dismissal or withdrawal of the motion made by her had the effect to put the appellee out of court with his motion also.

This litigation took place under the law in force prior to that of March 10th, 1873. The record shows that the appellant filed a petition for a divorce, and that the appellee filed a cross petition. Now, the law is, that had the appellant dismissed her petition, still the appellee would have had the right to proceed on his cross petition. 2 G. & H. 352, sec. 14. Why should not the same rule apply with reference to the motions in this case? We do not regard the motion

made by the appellant to have the judgment of the court relating to the custody of the child modified as an action. No authority is produced to show that the rule contended for by counsel for the appellant has ever been applied to mere motions. Here the appellant sought to have the judgment modified so as to allow her to have the custody of the child without any restrictions or conditions as to her place of residence. The appellee thereupon moved the court to set aside the order entirely, thus, in effect, leaving him entitled to the custody of the child. The tendency of the legislation of this State has been to allow parties, when brought into court, to assert their rights against their adversary, notwithstanding he may seek to withdraw from the contest. Such is the law as to set-off and counter-claim. 2 G. & H. 217, sec. 365. And such is the law in divorce cases. Acts 1873, Reg. Sess., p. 111, sec. 15. Regarding this proceeding as somewhat analogous to the original application for a divorce and to settle the question as to the custody of children, we hold that the court committed no error in refusing to dismiss the appellee's motion.

The appellant urges, under the remaining assignments of errors, that the evidence did not warrant the court in revoking the former order, and thus, in effect, giving the father the custody of the child. Counsel urge the superior fitness of the mother in view of the fact that the child is a female. The record shows that the child is a male. He was about five years of age when the divorce suit was commenced, and when the order was set aside he was about seven years old. Probably the fact that the mother had disregarded the order of the court had something to do with the change made. The mother alleges that the father of the child has no home of his own, but makes his home with the grandfather of the child. It is probably a fair set-off to this, that, as the evidence shows, the mother has no home of her own. These are always embarrassing questions, unless there is a clear preference between the parents on account of the superior fitness of one of them.

In this case we see no sufficient reason why we should disturb the action of the court below.

The judgment is affirmed, with costs.