Spear, J.
1. It is contended that it was error for the common pleas to entertain the motion to modify the order as to the custody of the children at a subsequent term, because the order made at the time the divorce was granted was a final order, and a change of it could be effected only by the filing of a petition under the chapter relating to the modification of decrees by petition.
The authority of the court over the matter of custody of minor children of parties to divorce proceedings is probably inherent, but, it is in terms given by the divorce statute, section 5696, where it is provided that “the court shall make such order for the disposition, care, and maintenance of the children, if any there are, as is just and reasonable. ’ ’ That this jurisdiction is a continuing one, and that it “may, on proper application, be invoked to modify orders originally made in respect to the custody of children whenever the character and circumstances of the case or of the parties require it,’’was held in the case of Hoffman v. Hoffman, 15 Ohio St. 427, and affirmed in Neil v. Neil, 38 Ohio St. 558. But whether, in order to invoke the action of the court for the purpose of effecting a modification, it is necessary to proceed by petition, as in the commencement of a new action, or the same result may be secured by the filing of a motion, nas not been determined.
It is probable that even if the former course were regarded as the proper one, the plaintiff in error could not now be heard to complain of the irregularity, having tried the question on its merits, and submitted it to the decision of the court. But we are inclined to think that, although there is probably no objection to the method of procedure by petition, yet that, where the parties have due no *5 tice, and full opportunity to prepare and be heard, there can be no impropriety in the court acting on a motion duly filed in the original cause for the purpose. Indeed, it would seem to follow from the fact that the court retains jurisdiction by reason of the original proceedings, that the filing of a motion in that ease is the logical method, and it would seem to possess positive advantages. The persons whose interests are to be affected are wards of the court, and it is often important for their good that the court’s attention be early called to any changed condition which makes a.modification of the original order as to their custody and maintenance necessary. The process by motion is less likely to be attended with delays than where resort is had to petition and summons, and the speediest mode may, because of that fact, be the best mode. Ryce v. Ryce, 52 Ind. 64.
2. The claim that the order, requiring the payment of $15.00 per month for the support of the children is one from which an appeal may be taken must rest, for its support, if support it has, upon the proposition that it is, in substance, an order for the payment of alimony, for the statute relating to divorce and alimony provides (section 5706) that “no appeal shall be allowed from any judgment or order of the court of common pleas under this chapter, except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony.” But is the order one for alimony? As said by Dickman, J., in Pretzinger v. Pretzinger, 45 Ohio St. 459: “Alimony allowed by the court below is not to be construed into an allowance for the support, also, of the child. Alimony, in its proper signification, is not maintenance to the children, but to the wife. ”
*6 We think the order was not an order for the payment of alimony, and hence, under the statute above quoted, no appeal would lie to the circuit court.

Judgments affirmed.