EVA MAY HERVEY, appellant and respondent,

*v.*

LEE A. HERVEY, respondent and appellant.

[Filed March 14th, 1898.]

1. To the effectual initiation of a suit brought in the court of chancery by a wife against a husband for maintenance under the twentieth section of the act concerning divorces, two things are necessary—jurisdiction of the subject-matter of the controversy and jurisdiction of the person of the defendant.

2. The method by which the state has authorized the court of chancery to acquire jurisdiction of the person of the defendant in a suit brought under said twentieth section is that prescribed by the act respecting the court of chancery.

3. The subpœna was served neither by delivering a copy personally to the defendant nor by leaving a copy at his dwelling-house or usual place of abode, but, after he had departed from the state without intention of returning, by leaving a copy at his former place of abode. No step was taken to serve the defendant as a non-resident by publication and notice.—*Held*, (1) that the service of the subpœna was void; (2) that because the service of the subpœna was void, the court did not acquire jurisdiction of the person of the defendant; (3) that since the court did not acquire jurisdiction of the person of the defendant, orders and proceedings made and taken in the suit did not bind him, and, on his application, made under special appearance entered for that purpose, must be set aside.

On cross-appeals from an order advised by Vice-Chancellor Emery, whose opinion is reported in *Hervey* v. *Hervey, 11 Dick. Ch. Rep. 166:*

*Mr. James E. Howell*, for Eva May Hervey.

*Mr. Chandler W. Riker*, for Lee A. Hervey.

The opinion of the court was delivered by

Adams, J.

In this suit, brought by a wife against a husband for maintenance, by bill filed under the twentieth section of the act concerning divorces, the wife has appealed from so much of an order, dated November 1st, 1897, as set aside the service of the subpœna, and the husband, by virtue of special appearance and leave for that purpose, has appealed from so much of the same order as denied an application to set aside an order for alimony *pendente lite* and for counsel fees and other proceedings. In other words, both parties are dissatisfied with the action of the court of chancery, which annulled the service of the subpœna, but upheld orders and proceedings made and taken in the same suit.

The service of the subpœna was properly set aside. The writ, of which a copy should have, been served on the defendant in person or left at his dwelling-house or usual place of abode, was served after the defendant had departed from the state without intention of returning, by leaving a copy at his former place of abode. No step was taken to serve him as a

non-resident by publication and notice. The service of the sub-
pœna did not comply with section 136 of the act respecting the
court of chancery. The facts are fully stated and the correct
conclusion declared in the vice-chancellor's opinion.

The remaining question is as to the validity of orders and
proceedings in a suit in which the service of process was void,
and the defendant did not appear, and was not proceeded against
as a non-resident by publication and notice. The court of
chancery is not an ecclesiastical tribunal, and has no inherent
jurisdiction of divorce, alimony or maintenance. *Anonymous*,
*9 C. E. Gr. 19, 24; 2 Bish. Mar. & D.* § *291.* Its power is
what the statute gives it. The first section of the act concerning
divorces declares " that the court of chancery shall have juris-
diction of all causes of divorce and of alimony or maintenance
by this act directed and allowed." Several sections empower the
court to grant alimony or maintenance as an incident to a divorce
suit. Under the twentieth section a wife, when unjustifiably
abandoned by her husband, who refuses or neglects to maintain
and provide for her, may have suitable support and maintenance
decreed to her. The power of the court to deal with alimony
and maintenance does not extend beyond these statutory cases.
*Anshutz* v. *Anshutz, 1 C. E. Gr. 162 ; Rockwell* v. *Morgan, 2
Beas. 119, 121.* The statute that confers the jurisdiction also
prescribes the procedure, by declaring, in its sixth section, that
the like process and course of practice and procedure shall be
had and pursued as in causes on the equity side of the court,
except that the answer of defendants shall not be under oath.
The process and course of practice and procedure in causes on
the equity side of the court are prescribed by the act respecting
the court of chancery, and are, briefly, that a defendant may
come into court by appearance, or be brought in by a subpœna
to answer, or equivalent statutory publication and notice. The
state has a right to say what procedure shall be necessary to give
jurisdiction of the person of a defendant. *Mutual Life Insur-
ance Co.* v. *Pinner, 16 Stew. Eq. 52, 57.* In the words of Chief-
Justice Beasley, " every independent government is at liberty
to prescribe its own methods of judicial process, and to declare

by what forms parties shall be brought before its tribunals."
*Mackay* v. *Gordon, 5 Vr. 291*. To the effectual initiation of a
chancery suit two things are necessary—jurisdiction of the sub-
ject-matter of the controversy and jurisdiction of the person of
the defendant. In the recent case of *Buckley* v. *Perrine, 9 Dick.
Ch. Rep. 285*, the proposition was thus stated by Chancellor
McGill: "Jurisdiction of the parties to a controversy, as well
as of the subject-matter thereof, is necessary to the validity of a
judgment of a court therein." This was a *habeas corpus* pro-
ceeding begun, not in the court of chancery, but, under the
statute, before a vice-chancellor. *Gen. Stat. p. 1631 § 59*. The
function of this writ is to test the legality of personal restraint.
Both parties filed pleadings in the court of chancery, and thereby
framed a wider issue of equitable cognizance touching the per-
manent custody of infants, who were the subjects of the appli-
cation. No process had been served on the respondents, nor
had any equivalent notice been given to them. The chancellor
held that the court of chancery, by reason of the want of notice
or process, never acquired jurisdiction of the persons of the
respondents, though it admittedly had jurisdiction of the issue
between the parties. This court held, on appeal (*10 Dick. Ch.
Rep. 514*), that both parties had consented to the transfer of the
controversy to the court of chancery, which thus acquired com-
plete jurisdiction. In the case of *Karr* v. *Karr, 4 C. E. Gr.
427*, Chancellor Zabriskie, in setting aside a defective service
and publication of a notice to a non-resident defendant, said,
"the defendant is not brought as yet in the jurisdiction of the
court, and no decree against him can be made, or would have
validity if made." It seems to follow from these considerations
that service of process, or of substituted statutory notice, was
necessary to give the court jurisdiction of the person of this
defendant; and that because such service was not made the
orders and proceedings made and taken in this suit did not bind
him.

The learned vice-chancellor upheld the orders and proceedings
in this case, notwithstanding the failure of process, because the
court had jurisdiction of the marital *status*, and because the par-
ties were domiciled and the defendant had property in New Jer-

sey. We think that the reasons do not support the conclusion. The regulation of the institution of marriage is a matter of high public policy. The persons subject to this regulation are, naturally, and by general law, those who are domiciled within the borders of the state. Specifically, they are those who have therein such a domicile as the state may positively prescribe. The first section of our act concerning divorces harmonizes with the general law on this subject. The parties to this suit are within the provisions of this section. To declare that the court, in this case, had jurisdiction of the marital *status*, and that the parties were domiciled in New Jersey, is merely equivalent to saying that the court had jurisdiction of the subject-matter of the controversy. Granting that jurisdiction existed to this extent, how was void service made thereby effective?

The other circumstance relied on to support the orders and proceedings in question is the possession by the defendant of real and personal property in New Jersey. The bill, as originally drawn, contained a general allegation that the defendant possessed real and personal property worth $12,000, and that he was able, out of his income, to maintain and support his wife. On or after the return of the subpœna, and after the order for alimony had been made, the bill was amended by adding a paragraph specifying real and personal property of the defendant, alleging that he had turned it over to his father and partner without consideration, and praying that it be sequestered. Let the truth of these allegations be assumed. No lien arises thereby. A conveyance of real estate before sequestration issued, although after the decree upon which it is founded, is valid, in the absence of any proof of *mala fides*. *Vreeland* v. *Jacobus, 4 C. E. Gr. 231.* The legislature has not conferred jurisdiction, in a suit brought under the twentieth section, based on the seizure of property in New Jersey as the foundation of the suit. Neither the act concerning divorces nor the act respecting the court of chancery gives the remedy of a proceeding *in rem*. The proceeding must, therefore, be *in personam*, whether there is or is not property within the state, and must be governed by whatever statutory rule the legislature has prescribed for the bringing in of parties.

The learned opinion of the vice-chancellor suggests important questions that might arise as to the decree in this case, and its effect.   In the case of *Lynde* v. *Lynde, 9 Dick. Ch. Rep. 473,* the defendant was a non-resident, and was brought in by the usual statutory mailing and publication of notice.   There was no appearance, and no property of the defendant under the court's control.   The decree for divorce was amended, on motion of the petitioner, by the addition of a clause reserving to the court the right to allow alimony.   This decree was affirmed in this court (*10 Dick. Ch. Rep. 591*) for the reasons given by the chancellor, who, somewhat incidentally, said that, under the circumstances, the court could not have given judgment *in personam* for alimony in favor of the petitioner.   In our view, questions such as this need not now be considered.

That portion of the order of November 1st, 1897, which set aside the service of the subpœna, is affirmed, and that portion of the same order which denied the application to set aside the order for alimony *pendente lite* and for counsel fees, and other proceedings, is reversed.   The appellant Lee A. Hervey is not entitled to costs.

*For reversal*—The Chief-Justice, Collins, Depue, Dixon, Garrison, Gummere, Lippincott, Ludlow, Van Syckel, Adams, Hendrickson, Krueger, Nixon, Vredenburgh —14.

*For affirmance*—None.