White v. White.

---

HOPE V. STAHL WHITE, petitioner and respondent,

*v.*

HOWARD M. WHITE, defendant and appellant.

[Filed July 20th, 1903.]

1. Under sections 23 and 24 of "An act concerning divorces," approved March 27th, 1874 (*Gen. Stat. p. 1271*), the court of chancery, in making a decree for the maintenance of children of divorced parents, after a divorce decreed in another state, may reserve in the decree the power to increase or decrease the amount of the allowance for such maintenance from time to time thereafter as circumstances may require.

2. In proceedings under section 24, notice of the inception of such proceedings is jurisdictional and must be served within the state, unless the parent waives notice by appearing and submitting himself to the jurisdiction of the court.

3. But where jurisdiction has once been acquired over his person, and a decree has been made establishing the parental duty of maintenance, and requiring payment of a weekly allowance, at the same time reserving for future determination the question of an increase in the amount of the allowance, notice of further proceedings intended to be made the basis of such an increase may be given in such manner as the chancellor in his discretion sees fit. Where personal notice is prescribed, it is immaterial whether it be served within or without this state.

4. A decree establishing the parental duty and providing for stated weekly payments for a time, reserving the question of the amount of future payments, does not dismiss the parent from the jurisdiction. It is not within his power to evade the full performance of the decree by absenting himself from the state or changing his legal domicile.

5. Proceedings taken to increase the amount of the allowance are merely a continuation of the proceedings in which the parental duty became fixed. Service outside of the confines of this state of notice of proceedings for an increase of the allowance is not an invasion of the provision contained in the fourteenth amendment of the constitution of the United States, that no person shall be deprived of property without due process of law. Such service of the notice is itself "due process of law."

On appeal from an order advised by Vice-Chancellor Reed.

*Mr. Edwin Robert Walker,* for the appellant.

*Mr. Linton Satterthwait,* for the respondent.

The opinion of the court was delivered by

PITNEY, J.

The parties to this appeal were divorced by the decree of an Oklahoma court, made in the year 1896. There are two children of their marriage, both of whom are still minors, and for whose maintenance the decree of divorce made no provision. In the year 1897, the children being inhabitants of this state, the court of chancery entertained a petition, filed by the mother, under section 24 of the act concerning divorces, approved March 27th, 1874. *Gen. Stat. p. 1271.* The father appeared, and on December 16th, 1897, it was ordered and decreed by the chancellor that the petitioner (the present respondent) should have and retain the custody and care of the two chil-

White *v.* White.

dren, and that the father (now appellant) should pay to the mother, for the support and maintenance of the children, the sum of $3 per week, for the period of one month from the date of that order and until the further order of the court; and that the mother should be at liberty, at the expiration of the period of one month, to apply to the court for an increase in the amount to be paid by the father for the maintenance and support of the children.

Some time after the expiration of the month Mrs. White filed a petition asking that the amount allowed for the maintenance of the children should be increased. Mr. White having in the meantime become a resident of the State of Pennsylvania, notice of this application was served upon him there, without a special order of the court being first made in respect to the manner of service. The learned vice-chancellor, conceiving that under section 24 of the Divorce act a previous direction of the court with respect to the manner of giving notice of an application to increase the allowance was jurisdictional, declined to hold Mr. White to answer the petition.

Thereupon, in the month of April, 1902, on application by the petitioner, the chancellor made an order directing that notice of the application be served personally upon the appellant, and such service was made upon him in the city of Philadelphia. He thereupon entered a special appearance for the purpose of objecting to the jurisdiction of the court, on the ground that his domicile and residence were outside of the State of New Jersey. Upon the hearing of that objection it was overruled, on the ground that the terms of section 24 of the act had been complied with by the giving of such notice as the court had directed, and an order was made requiring the appellant to answer the petition. From this order he now appeals.

The pertinent sections of the Divorce act are as follows (*Gen. Stat. p. 1271*):

"23. That upon a decree of nullity or divorce, the court may make such further decree or order as may be deemed expedient, concerning the care, custody and maintenance of the minor children of the parties, and determine with which of the parents the children, or any of them, shall remain ; and may also from time to time afterwards, on the petition of either of

the parents, revise and alter such decree or order, and make a new decree or order, as the circumstances of the parents and the benefit of the children shall require.

"24. That after a divorce decreed in any other state or country, if minor children of the marriage are inhabitants of this state, the court of chancery, on the petition of either parent, or of a next friend in behalf of the children, such notice being given to both parents as the court shall direct, may make such decree concerning their care, custody, education and maintenance as if the divorce had been obtained in this state."

The legislature of 1902, in revising the statutes, included the substance of the former section in section 19 of the act concerning divorces. *P. L. of 1902 p. 507.* The provisions of section 24 were embodied as section 6 in the new act concerning minors, &c. *P. L. of 1902 p. 263.* The Divorce act of 1874 was at the same time repealed, but with a saving of existing rights and of pending suits and proceedings. *P. L. of 1902 p. 268.*

By the terms of section 24 the court is empowered to make the same decree concerning the care, custody, education and maintenance of minor children who are inhabitants of this state, where the parents have been divorced in another state, as the court could make if the divorce had been obtained in this state. This refers us to section 23 for the limits of the jurisdiction and the mode of exercising it. The provision there contained is that where a divorce is decreed the court may not only make, at the time of decreeing the divorce, an order respecting the care, &c., of the children, but may also, from time to time, afterwards revise and alter this decree or order, and make a new decree or order, as the circumstances of the parents and the benefit of the children shall require.

The act clearly recognizes the continuing duty of the parent to support the children during their minority, and provides for the enforcement of that duty by retaining the parent subject to the jurisdiction of the court so long as the duty continues, to the end that the money allowance may be increased or diminished, and the provisions respecting the care, custody, education and maintenance of the children may be varied from time to time, according as the changing circumstances of the parties,

the growing or diminishing needs of the children and the increasing or decreasing ability of the parent, may require.

Sections 23 and 24 are in this respect quite analogous to section 19 of the Divorce act of 1874, concerning which this court said, in *Lynde* v. *Lynde, 19 Dick. Ch. Rep. 736* (at *p. 753*) :

"The amount of the allowance, the method of its enforcement, the method of its application, and the security to be exacted of the husband for its payment, are all confided to the discretion of the chancellor, and he is left at liberty to increase or decrease the amount of the alimony from time to time, according to the circumstances of the case. It will be observed that the statutory scheme is modeled closely after the practice of the ecclesiastical courts of England with reference to alimony. The purpose is to require the husband to pay to the wife, periodically, such sums as, in view of his circumstances and the necessities of the wife, will be a reasonable fulfillment of his continuing duty to support her."

Section 23 of the Divorce act makes no provision with respect to bringing the parent into court, because he is presumed to be already in court in the divorce proceedings, to which the proceedings for maintenance of the children are incidental. Section 24 requires notice to be given to the parent as the court shall direct, because until the parent is thus brought into court there is no proceeding pending. But in either event, where the parent is once lawfully subjected to the jurisdiction, the proceedings are not concluded for all purposes by the making of a decree, such as was made by the chancellor in the present case on December 16th, 1897. While that decree was final in so far as it fixed upon the appellant the duty of supporting the minor children, yet, by its own terms and by force of the statute, it was subject to revision and modification from time to time in the future, so far as concerned the periodical contributions of money required for the discharge of that duty, leave being expressly reserved to the petitioner to apply to the court for an increase of the stated amounts and leave being impliedly reserved to the appellant to apply to have them decreased. The cause was not thereby terminated, nor was the defendant dismissed from the

jurisdiction of the court. Any subsequent application for a modification of the terms of the decree with respect to the manner in which the parental duty was to be discharged was ancillary to the main purpose and effect of the decree, which was to conclusively establish the parental duty and to require its performance.

In proceedings under section 24 the chancellor is authorized to prescribe what notice shall be given to the parent. Notice of the inception of such proceedings is jurisdictional, and, admittedly, must be given within the state, unless the parent waives notice by appearing and submitting himself to the jurisdiction of the court. But where jurisdiction has once been acquired over his person, the question as to what measures ought to be taken to notify him of an inquiry relative to the amount of the allowance is necessarily left to the discretion of the court. On grounds of natural justice, and as a matter of fair practice, he is of course entitled to some notice, such as it may be practicable to give. But where personal notice is prescribed it is immaterial where it is served, if he be already subject to the court's jurisdiction.

The objection of the appellant that at the time he was served with notice (in April, 1902) he was a resident of the State of Pennsylvania, and that he was served in that state, is thus shown to be untenable. Prior to the 16th of December, 1897, he had become personally subject to the jurisdiction of the court of chancery by virtue of his own appearance in the proceeding. From that jurisdiction he has never been dismissed. It was not within his power to evade the full performance of the decree that fixed upon him the parental duty by absenting himself from the state or changing his legal domicile. Whenever it became necessary, in orderly procedure, to give him notice of a judicial inquiry affecting the *quantum* of his contributions towards the support of his children, such notice might be served upon him wherever found. Service outside of the confines of this state was not an invasion of the provision contained in the fourteenth amendment of the constitution of the United States, that no person shall be deprived

White *v.* White.

of property without due process of law.   Such service of the notice was itself "due process of law."

The supreme court of the United States has held that notice of an appellate proceeding is not such "process" as must necessarily be served within the jurisdiction of the court. *Nations* v. *Johnson, 24 How. 195, 204.*   And, in *Pennoyer* v. *Neff, 95 U. S. 714,* where it was held that "due process of law" requires, in actions *in personam,* that the defendant shall be subjected to the jurisdiction of the court by service of process within the state, or by his voluntary appearance, Mr. Justice Field, who delivered the opinion of the court, was careful to say ( at *p. 734*) : "It is hardly necessary to observe that in all we have said we have had reference to proceedings in courts of first instance, and to their jurisdiction, and not to proceedings in an appellate tribunal to review the action of such courts.   The latter may be taken upon such notice, personal or constructive, as the state creating the tribunal may provide.   They are rather a continuation of the original litigation than the commencement of a new action" (citing *Nations* v. *Johnson*).

The same view is taken in a recent and well-considered case in Florida.   *State* v. *Canfield (1898), 40 Fla. 47; 23 So. Rep. 594; 42 L. R. A. 76.*   There it was held that a statute providing for constructive notice of the institution and pendency of a writ of error does not violate that provision of the organic law that prohibits the deprivation of property without due process of law.

The same reasoning applies, *a fortiori,* to a proceeding for modification of a decree for alimony, where the decree itself, pursuant to statute, is made expressly subject to such modification.

The order appealed from should be affirmed.

*For affirmance*—The Chief-Justice, Van Syckel, Dixon, Garrison, Hendrickson, Pitney, Swayze, Vredenburgh, Voorhees, Vroom, Green—11.

*For reversal*—None.