FLORENCE FONDA MURPHY, petitioner-respondent,

*v.*

GEORGE F. MURPHY, defendant-appellant.

[Submitted February term, 1928. Decided May 14th, 1928.]

An award of additional alimony in gross to enable a wife to pay debts she has contracted in excess of the monthly alimony fixed by a former decree of the court of chancery for the support of herself and her children, which decree has been complied with, will be set aside where the wife has failed to make application to the court for an increase of alimony to meet the extraordinary circumstances (the long continued illness of the children), which occasioned the contracting of the excess indebtedness in question.

*102 N. J. Eq.*                    Murphy *v.* Murphy.

On appeal from the court of chancery.

*Mr. John L. Ridley,* for the defendant-appellant.

*Mr. John H. Winans,* for the petitioner-respondent.

The opinion of the court was delivered by

WHITE, J.

The appeal complains of the portions of a decree of the court of chancery (based upon the report of a special master, exceptions to whose report were dismissed after hearing by the vice-chancellor), which provide for the payment by the husband to the wife of permanent alimony of $180 per month; of $109.45, fees of special master, stenographer, &c.; of $400 counsel fee, and of a gross sum of $1,500 to enable the wife to pay certain doctor bills and expenses theretofore contracted and incurred, resulting from illness of the two children whose custody was awarded to her in the final decree for divorce against the husband for desertion entered in February, 1927.

We think the decree should be modified by reducing the counsel fee to $200, and by striking out entirely the gross item of $1,500 of retroactive alimony.

There had been two previous decrees for temporary alimony. The first one, entered in November, 1925, for $150 a month for the support of the wife and the two children, was made at a time when they were living in the husband's house, and that fact was taken into consideration in fixing the amount of the alimony. Subsequently, the wife with her two children rented and removed to apartments in Newark, and sometime afterwards the husband sold his house, realizing therefrom, after the payment of encumbrances, something less than $500. Upon application to the court of chancery the wife's alimony was thereupon increased by the sum of $20 per month, bringing the total up to $170 per month, which has since been paid.

While these alimony decrees were in force, the wife, by reason of the chronic illness of one of the children, and a

mastoid operation on the other child, contracted doctors' bills (which remain unpaid) to the extent of $930, and borrowed money to defray other expenses connected with her children's illness to the extent of $585; and it was to enable her to pay this indebtedness contracted during the running of the above-mentioned·alimony decrees, that the gross item of $1,500 is now retroactively awarded. We do not think that this item can, as a legal proposition, be upheld. It may well 'be, although we do not so decide, that a husband may be liable, in a common law suit, to unpaid creditors who have supplied necessaries for the support of his minor children whose custody has been awarded to their mother under an alimony order for their support, which, under unexpected extraordinary circumstances, has proved insufficient (*Tomkins* v. *Tomkins, 11 N. J. Eq. 512*); but that a husband, against whom a decree has been properly entered in the court of chancery for a definite amount of alimony for the support of his wife and his minor children, and who has paid this alimony, should be subject to a supplemental retroactive decree of that court for an additional gross amount to cover obligations, which the wife without his knowledge or consent has contracted during the running of the existing alimony order, in excess of the amount thereby fixed, is contrary, not only to good common sense, but, as we think, to the spirit of the decisions in this state. The court of chancery was always open to hear and act upon an application for additional alimony, which seemed likely to be properly required because of extraordinary circumstances not contemplated by the original alimony order, but it would be quite unfair, in the absence of such an application, to subject a husband, who has complied with the existing alimony order of the court, to a decree (with its accompanying arrest for contempt possibilities) for a gross sum of retroactive additional alimony to cover indebtedness expenditures which the wife may have seen fit to contract in excess of the alimony already decreed and paid. *Calame* v. *Calame, 25 N. J. Eq. 548; Lynde v. Lynde, 54 N. J. Eq. 473; Sobel v. Sobel, 99 N. J. Eq. 376.*

The husband-appellant is a public school teacher in New York City at a net salary of $3,589 per annum. He also

teaches night school, from which he receives a salary of $1,-228.50, and in the summer time teaches a summer school, from which he receives $344, making a total of $5,161.50. He has no other means, and has married again since the divorce in this case. We think that, under all the circumstances, the fee allowed respondent's counsel for his services should be reduced to $200. We think the permanent alimony allowed is entirely reasonable, and that the master's and stenographers' costs were proper charges against the appellant.

For the reasons above stated the decree, modified as above indicated, is affirmed, with costs.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, JJ.   13.