ETHEL W. HATCH, petitioner,

*v.*

HERBERT HARRIMAN HATCH, defendant.

[Decided May 13th, 1937.]

*Mr. John L. Ridley,* for petitioning defendant.

*Messrs. Biro & Strell,* for the petitioner.

HERR, A. M.

Ethel W. Hatch filed her petition for divorce in this court on April 5th, 1927. Defendant counter-claimed for divorce and was successful. Decree *nisi* was entered on October 11th, 1928, dismissing the petition and granting a divorce to the defendant on his counter-claim. Final decree was entered accordingly on January 12th, 1929.

There was included in the decree *nisi* an order awarding the custody of Vivian, one of the infant children of the marriage, to the petitioner, Ethel W. Hatch, subject to certain provisions for visitation, and providing that the defendant should pay petitioner the sum of $8 per week for the support and maintenance of the child.

The defendant alleges that petitioner has intentionally kept

the child at Boston and at other places, whereby he has been substantially deprived of his rights of visitation as provided in the order, that she has alienated the child's affections from him and that the welfare of the child as well as his own rights as parent require that he now be awarded her custody. He complains further that petitioner has brought suit against him in the courts of New York to recover unpaid installments under the maintenance provision of the order amounting to some $2,500, and prays that the order be modified to eliminate the maintenance provision, not only as to future but as to past due installments, on the ground that under all of the circumstances it is inequitable that he be required to pay any money for the maintenance of his child beyond what he has already actually paid. He prays also for an order revising the original order by awarding the child's custody to him and for an order enjoining the petitioner from the further prosecution of her New York action.

The defendant's application presents *in limine* objections which in my judgment require the denial of his application for change of custody and for the retroactive elimination of the maintenance order, without respect to the merits of his contentions.

1. *Change of custody.* No question is raised as to the court's jurisdiction to make the original order. That order was included in the decree *nisi,* as an incident of the divorce, by virtue of the provisions of section 25 of the Divorce act. *P. L. 1907 p. 481; 2 Comp. Stat. p. 2035.* Jurisdiction to make it was inherent in the court's jurisdiction to grant the decree of divorce, as defined by sections 6 and 7 of the Divorce act. *P. L. 1907 p. 477; 2 Comp. Stat. pp. 2030, 2032.* Section 25 contains no provisions respecting domicil or residence, either of the child or of the parents. Where both of the parents, or only one of them, is domiciled in this state under the conditions prescribed by sections 6 and 7 at the time of instituting a suit for divorce, the court has jurisdiction to provide by order for the custody of children of the marriage although they may never have resided in New Jersey and although both of the parents may have become domiciled and resident elsewhere pending the suit.

The change in domicil and residence of the parties and of the child after the entry of the original custodial order does not affect the court's jurisdiction to entertain the present application. No change in the condition, residence or domicil of the parties can take away a jurisdiction which has once attached. *White* v. *White, 65 N. J. Eq. 741; 55 Atl. Rep. 739; Upton et al.* v. *New Jersey Southern Railroad Co., 25 N. J. Eq. 372; Dunn* v. *Clarke, 8 Pet. (U. S.) 1; 8 L. Ed. 845; 15 C. J. 822.*

The statute (section 25, *2 Comp. Stat. p. 2035*) provides that:

"* * * after a decree of divorce, it shall be lawful for the Court of Chancery to make such order touching the * * * custody * * * of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just; * * * *orders so made may be revised and altered by the court from time to time as circumstances may require.*" (Italics mine.)

The statute creates a continuing jurisdiction. The physical removal of the child and its parents, their acquisition of domicil in New York and the circumstance that they are thus beyond the reach of the process of this court are considerations which can have no effect upon the jurisdiction of this court to exercise the reserved and continuing power to change its determination defining the status of the child from time to time at the instance of either parent. Recognition of such changed determination will be given at least within this state. It is quite conceivable that occasions may arise where such recognition may prove of practical value and importance. The original order was by the express terms of the statute made subject to the possibility of future change. The petitioner received it with all the limitations and implications attaching thereto. She cannot now question the jurisdiction of the court to exercise the very power reserved in its original order in her favor, by which she has profited and which she has continued to enjoy. On any proper notice of application for a change, the petitioner is bound wherever she may be. Although she may not personally be within the jurisdiction of the court, the subject-matter is, so that any order revising the original order will be valid and binding upon her.

*White* v. *White, supra; Hersey* v. *Hersey, 271 Mass. 545; 171 N. E. Rep. 815; 70 A. L. R. 518.*

But the petitioner argues that, assuming the court's jurisdiction to revise its original order, it should refrain from so doing, not only because the evidence shows that it would be inequitable and unsuitable to order a change of custody (which it is unnecessary to pass upon), but because for practical reasons and out of considerations of comity and propriety the determination of such questions should be left with the courts of the State of New York, the state of the parties' present domicil and residence.

The jurisdiction conferred by section 25 is not mandatory on the court, but subject to the same discretion in its exercise as the court uses in the exercise of its inherent jurisdiction. The court *"may"* revise the original custody order *"as circumstances may require."* If the circumstances do not require the exercise of this court's reserved jurisdiction, therefore, such jurisdiction ought not to be exercised.

The outstanding and controlling circumstance in the case at bar is that both parents and the child have removed from this state and have all become domiciled and resident in the State of New York. That state is now primarily concerned with the domestic relations of the parties. There are no special circumstances shown which indicate that the domestic relations of these parties can be dealt with more effectively by this court than by the courts of New York. Practical considerations, as well as principles of propriety and comity, require that this court keep hands off. See *In re Caruso, 101 N. J. Eq. 215, 218; 137 Atl. Rep. 154; Dixon* v. *Dixon, 72 N. J. Eq. 588, 591; 66 Atl. Rep. 597; Id. 76 N. J. Eq. 364; 74 Atl. Rep. 995; Hersey* v. *Hersey, supra; In re Erving, 109 N. J. Eq. 294, 301; 157 Atl. Rep. 161.* See notes, *20 A. L. R. 815; 72 A. L. R. 441; 70 A. L. R. 526; 59 L. R. A. 177; 7 L. R. A. (N. S.) 306; 10 L. R. A. (N. S.) 690; 39 L. R. A. (N. S.) 988; L. R. A. 1915B 154.* Also *2 Beale, Conflict of Laws (1935) 277; Goodrich, Conflict of Laws (Hornbook 1927) 305; Restatement, Conflict of Laws §§ 144 et seq.*

The defendant's application for a revision of the custodial order is therefore denied.

2. *Revision of maintenance order.* The defendant's application for modification of the maintenance order so as to cancel unpaid installments heretofore accrued thereunder must also be denied, for reasons quite distinct from the domiciliary situation. Whatever may be the nature of the jurisdiction exercised by this court in matrimonial litigation in awarding temporary maintenance for children (*Cf. Wilson* v. *Wilson, 14 N. J. Mis. R. 33, 40; 181 Atl. Rep. 257*), in contrast to its original *parens patriæ* jurisdiction in custody cases (*In re Erving, 109 N. J. Eq. 294, 297; 157 Atl. Rep. 161*), the court has no inherent jurisdiction to compel a parent to provide for the maintenance of his child beyond the pendency of matrimonial litigation. *Meier* v. *Planer, 107 N. J. Eq. 398, 402; 152 Atl. Rep. 246.* In the law courts, see *Freeman* v. *Robinson, 38 N. J. Law 383;* and *Cf. Tomkins* v. *Tomkins, 11 N. J. Eq. 512, 517; Murphy* v. *Murphy, 102 N. J. Eq. 552, 554; 141 Atl. Rep. 774.*) The order for the child's permanent support in this cause therefore must rest upon the statutory authorization contained in section 25 of the Divorce act, chapter 145, which as amended in 1933 (*N. J. Stat. Annual 1933 § 62-25*) (so far as the question under discussion is concerned the amendment does not change the previous statute) provides as follows:

"25. Pending a suit for divorce or nullity, or after decree of divorce, it shall be lawful for the Court of Chancery to make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just, and to require reasonable security for the due observance of such orders, and upon neglect or refusal to give such reasonable security, as shall be required, or upon default in complying with the order, to award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and to appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the said court shall from time to time seem reasonable and just, or to enforce the performance of the said orders by such other lawful ways and means as is usual, and according to the course and practice of the Court of Chan-

cery; orders so made may be revised and altered by the court from time to time as circumstances may require; *provided, however,* that it shall be unlawful for the Court of Chancery to make any order or decree touching the alimony of the wife should she have married subsequent to the decree of divorce; *and provided further,* that the Court of Chancery upon application of the former husband, on notice and upon proof of the marriage of the former wife after the decree of divorce, must modify any order or decree touching the alimony of the former wife -by vacating and annulling any and all provisions in any such order or decree, or both, directing the payment of money for the support of the former wife."

In respect to the wife's vested right to recover arrearages, there is no distinction between permanent alimony orders and orders for the permanent maintenance of children. The authority of this court in divorce litigation to make both classes of orders is derived solely from the above quoted statute. *Hervey* v. *Hervey, 56 N. J. Eq. 424, 426; 39 Atl. Rep. 762.* Except for the *provisos* the statutory provisions apply to both alike, so that whatever construction is to be placed upon the statute with reference to alimony the same construction must be applied when questions concerning maintenance of children are involved.

On the question whether a court may modify retroactively orders for alimony and maintenance, the decisions in the various states have not been in accord, because of differences in statutory language and because of the fact that some courts exercise an inherent jurisdiction to make an award. See *94 A. L. R. 331; 41 A. L. R. 1419; 46 A. L. R. 1200; 57 A. L. R. 1113.* In our own state, however, the answer must be found in section 25 of the Divorce act and the construction to be given to that section.

Prior to the year 1902 the finality of a New Jersey decree for accrued permanent alimony was fully recognized. In *Lynde* v. *Lynde, 54 N. J. Eq. 473; 35 Atl. Rep. 641; affirmed, 55 N. J. Eq. 591; 39 Atl. Rep. 1114,* the court upon petition held that a decree of divorce might be amended for the purpose of inserting a provision for permanent alimony inadvertently omitted. After Mr. Lynde had obtained the order for alimony, she instituted suit thereon in the courts of New York. *Lynde* v. *Lynde, 41 App. Div. 280; 58 N. Y. St. 546; affirmed, 162 N. Y. 405; 56 N. E. Rep. 979; 48 L. R. A.*

*679; 76 Am. St. Rep. 332; affirmed, 181 U. S. 183; 45 L. Ed. 810; 21 S. Ct. 555.* Mr. Justice Gray, writing the opinion for the United States supreme court (at *p. 187* of *181 U. S.*) clearly distinguished between accrued alimony and alimony to become due in the future:

"The decree for the payment of $8,840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision of the payment for alimony in the future was subject to the discretion of the court of chancery, which might at any time alter it, and was not a final judgment for a fixed sum."

At the time the decree of divorce was amended in *Lynde* v. *Lynde, supra,* to include a provision for permanent alimony the court was governed by section 19 of *G. S. 1895 p. 1269* which omitted any express provision for the revision of original orders. The revision clause was added by the Divorce act of 1902 (*P. L. 1902 p. 507 § 19*) and provided that "orders so made may be revised and altered by the court from time to time as circumstances may require." This provision was retained in the Divorce act of 1907 (*P. L. 1907 p. 481 § 25; 2 Comp. Stat. 1910 p. 2035*), under which the order in the instant case was made, and in the amendment of 1933. *P. L. 1933 ch. 145; N. J. Stat. Annual 1933 p. 124 § 62-25.* Defendant urges that this provision enables the court to revise its orders for the child's support retrospectively as well as prospectively.

With this contention I am unable to agree. In *Sistare* v. *Sistare, 218 U. S. 1; 54 L. Ed. 905; 30 S. Ct. 682; 28 L. R. A. (N. S.) 1068,* the United States supreme court dealt with a similar argument in a case involving the finality of a decree for alimony under the New York statute. The New York statute provided in part that:

"The court may, by order upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, vary or modify such directions."

In construing this section the supreme court of the United States through Mr. Justice White (at *p. 22* of *218 U. S.*) stated:

"But it is equally certain that nothing in this language gives power to revoke or modify an installment of alimony which had accrued prior to the making of an application to vary or modify, and every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it."

The construction placed upon the New York statute in the *Sistare Case* was followed by our court of errors and appeals in *Bolton* v. *Bolton, 86 N. J. Law 622.* These two decisions are controlling in the construction to be given to the revision clause of section 25 *supra* of our own Divorce act and have heretofore been held to be dispositive by Advisory Master Child in an unreported decision in *Spahn* v. *Spahn* (Docket 56-557). Recently, the vested character of accrued permanent alimony was recognized by Advisory Master Grosman in *Flavell* v. *Flavell, 15 N. J. Mis. R. 167, 176; 189 Atl. Rep. 639.* See, also, *Williams* v. *Williams, 12 N. J. Mis. R. 641, 644; 174 Atl. Rep. 423.*

*Lynde* v. *Lynde, 64 N. J. Eq. 736; 52 Atl. Rep. 694,* is not in point. That decision involved, not accrued permanent alimony, but a *claim* for alimony not yet fixed by the court. See *Sutphen* v. *Sutphen, 103 N. J. Eq. 203, 205; 142 Atl. Rep. 817.*

There is no need to consider what effect, if any, will be attached to an express reservation in the decree *nisi* of the power of the court to modify the order as to past due installments, nor is there any question here as to the extent to which fraud will vitiate the decree with respect to arrears. See *Gorrell* v. *Gorrell, 2 N. J. Mis. R. 707; Wittlinger* v. *Wittlinger, 13 N. J. Mis. R. 349; 178 Atl. Rep. 97.*

The further contention of the petitioner that the order for the child's maintenance was conditioned upon his right of visitation, which he claims was denied to him, is without merit. See *Feinberg* v. *Feinberg, 72 N. J. Eq. 810; 66 Atl. Rep. 610; 105 A. L. R. 903.* Nor does the evidence taken on this application warrant a prospective modification of the maintenance provisions of the order.

The result is that the defendant's application must be denied *in toto.*