8 N.J. Super. 547 (1950)
73 A.2d 759
RAY C. EDWARDS, PLAINTIFF,
v.
JEAN B. EDWARDS, DAVID S. EDWARDS, AN INFANT, DOUGLAS B. EDWARDS, AN INFANT, AND DIANE EDWARDS, AN INFANT, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 25, 1950.
*549 Mr. John H. Jobes, attorney for plaintiff.
Messrs. McCarter, English & Studer (Mr. James R.E. Ozias, of counsel), attorneys for defendant, Jean B. Edwards, appearing solely and especially on a motion that service of the summons and complaint be set aside and that the complaint be dismissed.
HEGARTY, A.M.
The facts material to the decision of the questions presently raised as set forth by affidavit and substantially undisputed are as follows: Plaintiff, Ray C. Edwards, and defendant, Jean B. Edwards, a native of California where her family still resides, were married in San Francisco in 1939. In 1942, they established their home in Glen Rock, New Jersey, and are the parents of three children, additional defendants. In November, 1949, Mrs. Edwards, taking with her the children, left her husband and went to California, and she and the children reside in the City of Santa Barbara, in that State. It may be noted in addition that Mrs. Edwards alleged by way of affidavit that she is a chiropodist licensed under the laws of California and is practicing her vocation there.
Defendant, on December 22, 1949, commenced in the Superior Court of California an action for separate maintenance, division of community property, custody and support of the children against the plaintiff. The papers in this action, together with an order to show cause relating to support, maintenance, counsel fees pendente lite, were served upon the plaintiff in New Jersey in April of this year. Meanwhile the plaintiff had commenced an action in this court for custody of the *550 children and to restrain his wife from proceeding with the California action. Personal service was had in California. Defendant now moves for an order setting aside the service of process and dismissing the complaint on the grounds that: process was not served within New Jersey; personal jurisdiction of the defendant is lacking; and that the court lacked jurisdiction over the subject matter in that the defendant and the children do not reside in New Jersey and have not been personally served here. Essentially two questions are raised: (1) the court's jurisdiction to decide the issue of custody; and (2) the court's jurisdiction to restrain the defendant's California action.
On the question of custody:
R.S. 9:2-3 provides: "when the parents of minor children live separately * * * the Superior Court, upon complaint of either parent, shall have the same power to make judgments or orders concerning their * * * custody. * * * as concerning children whose parents are divorced."
However, the power cannot be exercised unless the court has jurisdiction.
"The state of domicil of the child can change the custody of the child from one parent to the other or to or from both." Restatement, Conflict of Laws, § 145, and see section 117. Domicil of the child as opposed to his actual residence is at least an alternate ground for the court's decision in Pieretti v. Pieretti, 13 N.J. Misc. 98, 176 A. 589 (1935), to determine the question of custody. See In re Williams, 77 N.J. Eq. 478, 482, 77 A. 350, 353 (1910); Heard v. Heard, 323 Mass. 357, 82 N.E.2d 219 (1948). Conley v. Conley, 324 Mass. 530, 87 N.E.2d 153 (1949).
The question thus becomes  where is the children's domicil? It is stated in the Restatement, Conflict of Laws, § 30, that: "* * * a minor child has the same domicil as that of its father." Also, Pieretti v. Pieretti, 13 N.J. Misc. 98, 102, 176 A. 589 (1935); see Rinaldi v. Rinaldi, 94 N.J. Eq. 14, 118 A. 685 (1922). Although it may be admitted *551 that the mother can establish a separate domicil, Shepherd v. Ward, 6 N.J. Super. 130 (1950), and it may be assumed arguendo that she has done so, the fact that the children live with her cannot be said to change their domicil save where, for example, the parents are divorced or judicially separated. Restatement, Conflict of Laws, § 32. Defendant argues further that the child's domicil is that of the mother, if the mother has been justified in leaving the father. Whether or not that is correct, it cannot be determined at this stage when the question of the defendant's cause or reason in leaving the plaintiff is vigorously contested. It is suggested that Hatch v. Hatch, 15 N.J. Misc. 461 (1937), should control here, but that case, where the court clearly had jurisdiction which it declined to exercise, was based on the fact that both parents and the child were domiciled and resident in another state. Finally, the defendant contends that any New Jersey judgment for custody would be unenforceable. However, People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610 (1947), does not remove the protection of the Full Faith and Credit Clause from custody judgments, although it sanctions modifications in a proper case. Therefore, I conclude that this court has jurisdiction to decide the question of custody.
Restraining of the California action: Plaintiff's complaint alleged: that he is a resident of New Jersey; the defendant "has endeavored and intended to establish a pretended domicile" in California; and that the defendant has instituted an action against him in the State of California relating to the custody and support of said children, to the separate maintenance and support of the defendant, Jean B. Edwards, to a property settlement, and relating to the status or res of the marriage of plaintiff to defendant, Jean B. Edwards, and that unless a temporary restraining order is issued to enjoin the prosecution of said action in California, immediate, irreparable injury would probably result to plaintiff. Thus the requirements of Kempson v. Kempson, 63 N.J. Eq. 783 (1902), of marriage status at issue and of domicile *552 of the plaintiff are satisfied and warrant the issuance of a temporary restraining order to enjoin the prosecution of said California action. Further, the challenged process is not insufficient because it is served outside of the State of New Jersey.
The application of the defendant to set aside the service of the summons and complaint and for dismissal of the complaint is denied.
Appropriate orders may be presented after the same has been submitted to counsel for approval.