JOSEPH DINET

v.

JOSEPH PFIRSHING, Surviving Partner, etc.

1. DECREE—*for payment of solicitors' fees, construed.* Where the court, in a divorce suit, required the husband, the defendant, to pay $800 to his wife's solicitors, which was paid, and, at the conclusion of the suit, ordered the defendant to pay to such solicitors the sum of $1,520, the latter sum was held to include the $800 previously ordered to be paid, and not as an additional sum.

2. PRACTICE IN SUPREME COURT—*plea of puis darrein continuance.* Where a plea *puis darrein continuance*, setting up a former decision, is, on motion of the appellee, stricken from the files, it will be considered as if never filed, and it will not operate as a waiver of the errors assigned, or of any prior pleadings.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. HENRY BINMORE, for the appellant.

Mr. W. C. GOUDY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

August 7, 1872, the Criminal Court of Cook County, at the conclusion of a litigation in chancery in the suit of

*Elizabeth Dinet* v. *Joseph Dinet,* for a divorce, made an order in the case, as to solicitor's fees, as follows :

" The court does, by consent, order, adjudge, and decree that Joseph Dinet, the defendant, on or before the first day of October, A. D. 1872, pay to Joseph Pfirshing and Francis Adams, the complainant's solicitors, the sum of eight hundred and twenty-five (825) dollars, for services rendered to the said complainant, as her solicitors in this cause, since the restoration of the same and the records thereof, heretofore destroyed by fire ; and that said defendant pay to Joseph Pfirshing, the complainant's solicitor, on or before the first day of November, A. D. 1872, the sum of two hundred and eighty-five (285) dollars for services rendered to the complainant, as her solicitor in this cause, from the time of the rendition of the verdict by the jury herein, until the time of the restoration of the pleadings and record of the cause as aforesaid. And that said defendant, on or before the first day of May, 1873, pay to Joseph Pfirshing, as surviving partner of Daniel Driscoll, deceased, the sum of fifteen hundred and twenty (1,520) dollars, for services rendered to the complainant by said Driscoll & Pfirshing, as her solicitors in this cause, from the commencement of the same until the time of the rendition of the verdict of the jury herein."

Joseph Dinet has since paid $720 on account of the $1,520 named in the last clause above. This was an action of debt brought by Joseph Pfirshing against Joseph Dinet upon such last clause of the order, for the recovery of $800, as for the balance claimed to be remaining unpaid of the said sum of $1,520.

The plaintiff recovered in the court below, and the defendant appealed.

There had been two previous interlocutory orders for the payment to Driscoll & Pfirshing of $800 for solicitors' fees — one on March 8, 1870, for $300 ; the other on February 4, 1871, for $500. These had been paid previous to

the entry of the above decree, and Dinet pleaded, in the present suit, payment, setting out the facts. A demurrer to the plea was sustained; so that the sole question presented by the record is upon the construction of the last clause of the above decretal order — whether it was the meaning that the sum of $1,520 should be the total of compensation to Driscoll & Pfirshing for all services performed by them in the suit, or whether that sum of $1,520 was in addition to the $800 allowed before the trial of the divorce case.

Since the rendition of the judgment in the court below, this court has decided this question, adopting the former construction — that the $1,520 was for all the services of Driscoll & Pfirshing performed in the suit, and embraced the $800 previously paid. The case is that of *Dinet* v. *Eigenmann, Administrator*, 80 Ill. 274. The question there came up on appeal from an order of the court below awarding execution upon the decree for the sum of $800, as the residue unpaid of the allowance of $1,520, this court deciding, under the construction it adopted, that there was nothing remaining unpaid on the decree, and that the court below erred in ordering execution to issue for the collection of any sum, reversing the order awarding execution.

It is true, as appellee's counsel urges, that the decision in that case is not a bar or estoppel in this suit, as the parties are not the same; and we have reconsidered our former construction of this decree in the light of the forcible argument which has been presented against it. The proper construction of the decree is not clear; we may have misconstrued it; but we do not feel satisfied that we did, and can not do otherwise than to adhere to the construction we before put upon it.

We do not consider, as urged by appellee's counsel, that our decision places the court in the wrongful position of admitting a pre-existing defense in an action upon a judgment. It is so contended, and the argument would assimilate this to the case of a judgment rendered in a suit brought

upon a demand, and in an action upon the judgment admitting in defense payments made on the demand previous to the judgment on it. We do not view it in any such light, but regard it merely as a question of construction — what is the meaning of this order of allowance of attorney's fees made in a divorce suit.

After the case was pending in this court on the appeal, appellant filed in this court a plea *puis darrein continuance,* setting up the decision of this court referred to. Afterward, on motion of appellee, the plea was stricken from the files. Subsequently, appellee entered his motion to take judgment because of the plea *puis darrein continuance* having been filed and stricken from the files. It is insisted that as it is the rule that the plea *puis darrein continuance* waives all previous pleas, it must follow that the filing of such plea in this court operates as a waiver of the errors assigned, and that there is now nothing left for the court to act upon; and that all it can do is to pronounce judgment in favor of the appellee.

We deem it sufficient to remark, in answer, that, the plea having been on motion of appellee stricken from the files, it must be regarded as not in the case, and we consider the effect to be as if it had never been filed.

We are of opinion the court below erred in sustaining the demurrer to the pleas of payment, and the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE DICKEY, dissenting: I can not concur in the construction given to the decretal order in question. The court, by consent, did " adjudge and decree   *   *   * that said defendant," (Joseph Dinet) " on or before the first day of May, 1873, pay to Joseph Pfirshing   *   *   * the sum of fifteen hundred and twenty (1520) dollars." This language is unequivocal, and unmistakably refers to payment *to be* made, and has no reference to payment already made. The additional words, " for services rendered

\* \* \* in this cause, from the commencement of the same until the time of the rendition of the verdict of the jury herein," do not in any way qualify the decretal words — or words of judgment — or modify the amount to be paid. They are merely a statement that such payment will satisfy and discharge all claim on account of those services. It was known to Dinet, when he consented to this decree, that $800 had already been paid on account of these services. He then, with that knowledge, consented to a decree that he should, on or before May 1, 1873, pay $1,520 for these services. If he did not expect to pay that sum, he should have insisted upon the insertion of some qualifying words as to the amount to be paid — such as "less payments already made," or "less $800 already paid." I can not understand how any distinction can be taken in this respect, between a decree in chancery and a judgment at law. Each is an adjudication ; each must be construed by its language, and no words can be added unless by necessary implication. Treated merely as a contract, it can bear no such construction as that now given. Had Dinet given a writing of the date of this decree, reciting all the facts now shown in this case, saying that Pfirshing & Driscoll had performed professional services for him in this cause, " from the commencement of the same until the time of the rendition of the verdict," and that $800 had already been paid on account of such services, and then adding that he would, on or before May 1, 1873, pay to Pfirshing $1,520 "*for such services*," it can not be doubted that the court would have said the $1,520 meant the amount of the future payment. The case on this decree is stronger for appellee than the case supposed, for the decree does not say this $1,520 is to be paid for *all* services rendered in the cause between the commencement of the suit and the verdict. The recital is " for services." It may well be that some such services had been paid for, and that some other such services were not paid for, and for payment of the latter Dinet consented that a decree should go for $1,520. If the decree was not

intended to mean that the full sum $1,520 should be paid in
the future — and there was any mistake or fraud in the mat-
ter of its entry, appellant should file his bill to reform the
decree.   The fact that no such action has been taken leads
me to believe that the equity of the case is against him.