JOSEPH PFIRSHING, Surviving Partner,

*v.*

CHARLES H. FALSH, Guardian.

1. APPEAL—*from allowance of claims against an estate, by other than administrator.* The statute giving any person aggrieved the right to appeal from the allowance of a claim against an estate, an appeal, when taken by any other person than the administrator, need not be prosecuted in the name of the latter.

In such case, the county court is authorized to fix the penalty of the appeal bond, and twenty days are allowed in which to appeal.

2. MARRIED WOMAN—*liability of her separate property for professional services in procuring her divorce.* In the absence of proof to show that a married woman ever undertook to charge her separate estate, or ever contracted to pay for professional services rendered for her in a suit for divorce. and where the evidence shows that the attorneys looked to and relied upon her husband and his property for payment of their fees, and procured orders against the husband for the same from time to time, her separate estate, after her death, can not be held liable on a claim filed by such attorneys.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. JOHN C. BARKER, for the appellant.

Mr. HENRY BINMORE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case originated in the county court of Cook county, where appellant obtained a judgment for $2500 against the estate of Elizabeth Dinet, deceased—a balance claimed to be due the firm of Driscoll & Pfirshing, for legal services rendered in a certain divorce suit, in which Elizabeth Dinet was complainant and Joseph Dinet was defendant. The guardian of two minor heirs of Elizabeth Dinet appealed to the circuit court, where a trial of the cause resulted in a judgment against appellant for costs.

It is first contended, the circuit court erred in refusing to dismiss the appeal, on the grounds, the appeal should have been prosecuted in the name of the administrator, because the penalty of the bond was too small, and for the further reason the appeal was perfected too late.

The first and second of these objections are fully answered by sec. 123, chap. 3, Rev. Stat. 1874, page 126, which gives any person aggrieved the right of appeal, and provides, in express words, that the county court may fix the penalty of the bond. The other objection is fully answered by sec. 68, p. 116, of the same statute, which allows twenty days in which

the appeal may be taken. As the appeal in this case was taken within less than twenty days from the rendition of the judgment, the requirement of the statute in this regard was observed.

It is next contended, as the services were rendered for Elizabeth Dinet, although she was at the time a married woman, her separate estate is liable for the payment of the same.

It will not, in the view we take of the case, be necessary to consider this question. Appellant has not shown Elizabeth Dinet contracted or agreed to pay for the services, nor does it appear that he looked to her or her separate estate for payment while the litigation was pending between her and her husband. On the other hand, it is apparent, from the evidence, that appellant looked to Joseph Dinet and his property, and to this source alone, for compensation for the fees he earned in the prosecution of the case. As the cause progressed, the court in which the cause was pending, from time to time, entered orders or decrees requiring the defendant in the action to pay the complainant's solicitors certain sums of money, and on the trial of the cause receipts were produced showing the payment of $1520 to the firm of Driscoll & Pfirshing. As appears from the testimony of appellant's own witness, on cross-examination, bills for the services claimed in this case were presented to the circuit judge who rendered the decree in the divorce case, and it also appears a decree was rendered against Joseph Dinet for the same, by consent. It may be true appellant did not receive as large an amount for his services as he anticipated,—but if that be true, it affords no ground for pursuing the estate of Elizabeth Dinet for a claim for which she never undertook to bind her separate estate or even contracted to pay.

It is, however, contended, some expressions in the opinion of the court in *Dinet* v. *Eigenmann*, 80 Ill. 274, would indicate that the estate of Elizabeth Dinet was liable. The question in regard to the liability of the estate of Elizabeth Dinet

was not before the court in that case, and anything that may there have been said has no bearing here. The main point in that case was, as to the proper construction to be given the language of a decree awarding Driscoll & Pfirshing "the sum of $1500, for services rendered to the complainant by said Driscoll & Pfirshing, as her solicitors in this cause, from the commencement of the same until the time of the rendition of the verdict of the jury." The estate of Elizabeth Dinet was not interested in the construction of that decree. The estate was not before the court, and we perceive no ground for holding that any expressions used in that case could be relied upon as controlling here.

After a careful examination of the whole record, we perceive no ground upon which appellant can recover, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*