MARGARET B. ROONEY, PLAINTIFF, v. FRANCIS J. ROONEY, DEFENDANT.

Argued May 5, 1926—Decided June 15, 1926.

A decree *nisi* for the payment of $7.50 per week alimony, on which payments have been made to April 28th, 1924, and on which it is calculated there was due $622.50 at the time of filing the statement or abstract in the Supreme Court, is not a judgment at law of the Supreme Court within the meaning of the statute (*Pamph. L.* 1902, *p.* 524; 1 *Comp. Stat., p.* 425, § 44) providing for the filing of a statement or abstract of such decree in the Supreme Court.

On rule, &c.

Before Justices BLACK and CAMPBELL.

For the plaintiff, *Hopkins & Herr*.

For the defendant, *George G. Tennant*.

The opinion of the court was delivered by

BLACK, J. This case is brought before the court on a rule to show cause, granted by Mr. Justice Minturn, why a judgment entered in the Supreme Court, on December 12th, 1925, for $622.50, in favor of the plaintiff, should not be vacated and discharged. The abstract of the decree in the Court of Chancery, on which the judgment was entered, shows that a final decree was made in the Court of Chancery on January 29th, 1915. The decree made absolute a decree *nisi* entered in said cause on the 28th of July, 1914, which decree provided that the defendant pay the plaintiff alimony at the rate of $7.50 per week on Monday of each and every week.

Payments thereon have been made up to April 28th, 1924, but no payments have been made since that time. There is due and owing, as computed at the time of filing the statement or abstract in this court on the said decree, the sum of

$622.50. This statement purports to have been filed in this court in pursuance of *section 44 of the Chancery act of 1902, page* 524. *Comp. Stat., p.* 425, § 44. The pertinent part of the statute provides "a statement or abstract of such decree, containing the names of all parties thereto, designating, &c., * * * the time at which the said decree was signed, and the amount of the debt, damages, costs or other sum of money thereby directed to be paid, which statement or abstract the said clerk shall forthwith record in a proper book," &c.

The question for solution is whether this is the kind of a decree provided for in the statute?

This precise point seems not to have been passed upon by our courts.

There is nothing in the final decree which provides for the payment of money. But it is true the final decree makes absolute the decree *nisi* on which it has been computed $622.50 was due.

Chief Justice Hornblower, in *Van Buskirk* v. *Mulock,* 18 *N. J. L.* 185, 194, said: "In short, the objections to actions at law on decrees in equity are more numerous and serious than at first occurs to the mind, and fully account for the fact that they have never been sustained in England." Mr. Justice Dixon, in the case of *Close* v. *Close,* 28 *N. J. Eq.* 477, said: "The statute was not intended to embrace all decrees, * * * but applied only to such decree as resembled judgments at law in the pecuniary obligations they imposed, and made them equivalent to such judgments in their effects."

So, the Court of Errors and Appeals, in the case of *Holzapfel* v. *Hoboken Manufacturers Railroad Co.,* 92 *N. J. L.* 193, refused to permit to stand the entry of a judgment for moneys not due at the time of beginning the action, though they be installments to accrue, and though there is already a right of action for installments in arrear. A second transcript, based on the final decree, was filed April 21st, 1926, for $722.50; a third transcript, based on the decree *nisi,* was filed on April 24th, 1926, for $722.50. It is conceded that if the Chancery decree found a definite sum due at the

time of its entry, it would be within the terms of the statute. The cases of *Vreeland* v. *Jacobus,* 19 *N. J. Eq.* 231; *Stoy* v. *Stoy,* 41 *Id.* 370; *Warren* v. *Warren,* 92 *Id.* 334, are not in point.

We think these decrees as entered do not contain the sum of money directed to be paid by the Court of Chancery, and, therefore, they are not within the statute, and the judgments are vacated and discharged, with costs.