JENNIE P. STEWART, EXECUTRIX OF THE ESTATE OF ELIZABETH P. WHITE, DECEASED, PLAINTIFF, v. FRANK WHITE, DEFENDANT.

Decided July 9, 1937.

For the plaintiff, *Francis Tanner*.

For the defendant, *Howard Ewart*.

LAWRENCE, C. C. J.   This suit was submitted to the court, without a jury, by consent, at the Ocean Circuit.   The facts are not disputed.   The question involved is whether the personal representative of the estate of a deceased wife can recover of her former husband unpaid installments of permanent alimony provided for in the final decree of the Court of Chancery of this state granting a divorce to the wife, that is to say, installments remaining due at the time of the death of the latter.   The answer, it appears, must be in the affirmative, and that they may be reduced to judgment in a court of law.

Briefly stated, the facts are that on November 28th, 1927, the Chancery Court issued a decree *nisi*, ordering, adjudging and decreeing that defendant, Frank White, and Elizabeth P. White (the decedent) be divorced from the bonds of matrimony.   On February 29th, 1928, the court by final decree made the decree *nisi* absolute and in the usual form declared the marriage between the parties dissolved.   In the decree defendant was directed to pay Mrs. White $30 each week as permanent alimony.   In pursuance thereof, he paid the

required amount from time to time until February 15th, 1930, when he left the state and remained out of the jurisdiction until her death, which occurred on March 4th, 1936. He had failed to keep up the payments while out of the state and at the time of her death he was delinquent to the amount of $9,424. Mrs. White in her will appointed plaintiff as the executrix of her estate. On the probate of the instrument in the surrogate's office, the executrix qualified and letters testamentary were issued to her. The present suit is brought to obtain judgment for the sum due and remaining unpaid at the time of Mrs. White's death. It is conceded that the obligation of defendant to pay in future ceased when she died.

Defendant's answer set up three separate defenses: first, that the subject-matter of the present suit is *res judicata,* in that a final decree covering the subject-matter was entered in the Court of Chancery, and since the matters in issue were finally adjudicated in that court, the personal representative of deceased's estate has no legal standing here to relitigate them. This, of course, is not the purpose of the suit, as plaintiff relies on the record in the Chancery Court and the final decree in particular as the source of defendant's duty to pay, the action here resting on his admitted failure in that respect. That such a suit may be brought in a court of law is now unquestioned. Second, that the alimony decreed in favor of plaintiff's testator was a right purely personal to the wife and the right to recover any arrears terminated and ended upon her death. This appears, however, not to be so, as to accrued alimony to which decedent, in her lifetime, had a vested right and as to which a right of action survives to the personal representative of her estate after her death. Third, that the right to recover in the present suit alimony that accrued prior to July 6th, 1930, is barred by the statute of limitations. This defense was abandoned at the trial, as it appeared that defendant had remained out of the state during the period and could not, therefore, avail himself of the benefit of the statute.

In *VanBuskirk* v. *Mulock,* 18 *N. J. L.* 184, it was held that at common law an action of debt would not lie on a

decree of a court of equity for the payment of money, but the case was criticised in *Mutual Fire Insurance Co.* v. *Newton,* 50 *N. J. L.* 571; 14 *Atl. Rep.* 756, and in *Bullock* v. *Bullock,* 52 *N. J. Eq.* 561, 567; 30 *Atl. Rep.* 676, it was said that, "if, by the direction to pay alimony an indebtedness arises from time to time as such payments become due, an action at law would lie thereon and the decree would furnish conclusive evidence of such indebtedness," apparently in the event that the marriage relation previously existing between the parties had been dissolved by the decree, as it was in the present case. So in *Bullock* v. *Bullock,* 57 *N. J. L.* 508; 31 *Atl. Rep.* 1024, it was held that an action at law may be maintained in this state upon a decree for alimony made in New York if the New York court had jurisdiction of the subject-matter and of the person of the defendant. In passing, it may be observed that in *Rooney* v. *Rooney,* 102 *N. J. L.* 551; 133 *Atl. Rep.* 752, a judgment in the Supreme Court was set aside because the alimony for which it had been entered had not been provided for in the final decree as here; while in *Hatch* v. *Hatch,* 15 *N. J. Mis. R.* 461; 192 *Atl. Rep.* 241, authorities will be found cited for the doctrine that the right to installments of alimony and maintenance under permanent order becomes vested as such installments accrue and subsequent order of modification cannot operate retroactively to disturb such vested right.

Since the right to unpaid installments of alimony provided for in a final decree of divorce becomes vested, it seems logical to hold that the right survives the death of the wife and lodges in her estate, subject to suit through the personal representative. It was so held in *VanNess* v. *Ransom,* 215 *N. Y.* 557; 109 *N. E. Rep.* 593, annotated in *L. R. A.* 1916B, 852, which, see, with footnotes. The ruling there was that an action by a woman to recover unpaid installments of alimony under a decree of divorce is not abated by her death, but the personal representative may be substituted in her place and prosecute the action to termination. The case carries the text, (at *p.* 855): "Even when the award is in the nature of periodical allowances for support, so that it termi-

nates upon the death of the wife, the husband may still be liable for payments in arrears at the time of the wife's death, especially if the wife has contracted debts for her support. The liability for arrears after the death of the wife may be affected by the nature of the divorce and this may also affect the right to specific property awarded as alimony." The question will also be found discussed in *Wilson* v. *Hinman,* 182 *N. Y.* 408; 75 *N. E. Rep.* 236, as annotated in 2 *L. R. A.* (*N. S.*) 232; reference being made to footnote V in particular.

On the facts here involved, it sufficiently appears that defendant has no defense to the present action. It follows that plaintiff executrix is entitled to judgment against him for the sum of $9,424, with interest from March 4, 1936, with costs to be taxed.