In re Estate of Rebecca E. Everly, Deceased.
George Zimmerman, Appellant, v. Gumbart, Grigsby and Gumbart et al., Appellees.

Gen. No. 9,405.

364

Heard in this court at the October term, 1943.
Opinion filed March 14, 1944.

LEONARD C. BERRY, of Macomb, and CLARENCE W. HEYL, of Peoria, for appellant.

C. G. GUMBART, E. D. GRIGSBY and J. C. GUMBART, all of Macomb, *per se.*

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This is an appeal by George Zimmerman from an order of the circuit court of McDonough county dismissing his appeal from an order of the county court allowing appellees' claim in the amount of $5,000 against the estate of Rebecca E. Everly, deceased.

On November 2, 1942, E. D. Grigsby, who is one of the appellees, filed in such county court his petition for admission to probate of an alleged will of Rebecca E. Everly, wherein he alleged that she died on October 27, 1942, leaving an instrument in writing purporting to be her will, duly attested by her; that in said will she nominated petitioner executor thereof; that she left personal estate of the estimated value of $300,000; and real estate of the estimated value of $250,000; that she left certain named persons, one being the appellant, and certain unknown persons as her

heirs; and that she left certain named persons, including appellant, as her legatees and devisees. On December 4, 1942, on the hearing of such petition, such will was admitted to probate and E. D. Grigsby was appointed executor thereof.

Before the will was admitted to probate, and on November 16, 1942, the appellees filed in the county court the claim in question, which was for legal services alleged to have been rendered to the testatrix during her lifetime.

E. D. Grigsby was one of the claimants, and, because of his interest in the claim and his being executor, the county court on December 14, 1942, entered an order appointing a guardian *ad litem* to represent the estate in the matter of such claim. On December 15, 1942, the claim was heard and allowed by the county court.

Thereafter appellant duly perfected his appeal to the circuit court from the order of the county court allowing such claim. Appellees then filed in the circuit court their limited appearance and a verified motion to dismiss the appeal. Such motion alleged that the appellant was not aggrieved by the allowance of the claim, that the interest of appellant in said estate under the will was the sum of $166.67; that the total specific legacies provided by the will were the sum of $58,200, and that the costs of administration and claims "likely to be presented and allowed against said estate, including taxes, would not exceed $50,000." Said motion to dismiss further alleged that the personal property belonging to the estate was worth approximately $300,000; that this was ample to pay all claims, taxes, costs of administration and specific legacies provided for by the will, and that no complaint to contest said will had been filed.

On the hearing of such motion, the circuit court entered an order dismissing the appeal. Appellant has perfected the present appeal from such order of the circuit court.

The first contention of the appellees is that the fact that the appellant is an heir gives him no right to appeal,—especially since he has made no effort to get the guardian *ad litem* to appeal from the order.

The record is silent as to whether the appellant made any effort to get the guardian *ad litem* to appeal. However, we consider this immaterial for in *Pfirshing v. Falsh,* 87 Ill. 260, the court held that, under a similar statute on the right to appeal, the guardian of a minor heir, as an aggrieved person, had the right to appeal from an order of the county court allowing a claim against the estate of a deceased person notwithstanding the fact that the administrator took no appeal.

The next and what we consider the main contention of appellees is that because the alleged will of the decedent had been admitted to probate, and the record does not show that the appellant has filed any suit to contest or set aside such will, and inasmuch as the undisputed allegations of fact in the verified motion to dismiss the appeal show that there will be more than ample assets of the estate to pay the legacy of the appellant,—it follows that the appellant is not an aggrieved person within the meaning of the statute and therefore does not have an appealable interest.

As far as we have been able to find, the precise question has not been passed upon by any of our courts of review.

Section 330 of the Probate Act (Ill. Rev. Stat. 1943, ch. 3, par. 484 [Jones Ill. Stats. Ann. 110.581]), provides that "An appeal from any other order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court by the filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal." Section 2(a) of the same act provides that the words "Probate Court,"

wherever used in such act, includes the county court of any county not having a probate court.

Said section 330 further provides that the "bond (appeal bond) shall be filed and approved and the fees and costs paid within twenty days after the entry of the order . . . appealed from or within such further time, not to exceed sixty days after the entry of the order . . . appealed from, as the probate court may allow on application made within the twenty days."

Although the appellant on January 2, 1943, was allowed by such county court twenty days extension of time from January 2, 1943, within which to perfect his appeal, his receiving such extension of time was not a matter of right but was a matter within the sound discretion of the county court.

If the contention of appellees is correct, then it would seem to follow that a sole heir of a deceased testator, as such heir has no right to contest a claim filed against the estate of such decedent, and no right as an aggrieved party to appeal from an order allowing such claim, regardless of whether such sole heir is a nominal or substantial beneficiary or a nonbeneficiary under the will,—unless such heir has first filed in the circuit court a complaint to contest such will, and it would also seem to follow that before filing such a complaint in the circuit court such heir would not be in a position to ask the county court for an extension of time to perfect his appeal. If such contention is correct it might also be argued that even had the appellant or some other person first filed a complaint in the circuit court to contest the will, the possibility that the will might be set aside on a contest would be so remote and uncertain as not to form any basis for the appellant's claim that he is an aggrieved party within the meaning of said section 330.

We do not agree with such contention of the appellees. Were it not for the will, appellant, as an heir-

at-law, would have had the right of appeal as an aggrieved person. (*Pfirshing v. Falsh*, 87 Ill. 260, 261, *supra*.) In *Adams v. First M. E. Church of Irving Park*, 251 Ill. 268, it was held that a beneficiary under a prior will, though such will was not admitted to probate, had a right as a person interested to file a complaint to contest a subsequent will.

Inasmuch as the appellant as an heir-at-law had the statutory right to file a complaint to contest the will of the decedent at any time within nine months after the admission of the will to probate (see section 90 of same Probate Act), and inasmuch as it does not appear that he has elected not to file such a contest, it is our opinion that at all of the times in question appellant had the right, as an heir-at-law and therefore an aggrieved party within the meaning of said section 330 of the Probate Act, to perfect such appeal to the circuit court.

It is therefore our opinion that the circuit court erred in dismissing such appeal.

The foregoing makes it unnecessary for us to discuss or pass upon the question of whether or not the appellant as a beneficiary under the will would have the right of appeal.

The judgment of the circuit court is reversed and the cause is remanded to such court with directions to deny the motion to dismiss the appeal, and for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*