HANNA HILL *vs.* ELLEN J. PETERSON & others.

Worcester. September 28, 1948. — November 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Trust,* Resulting trust. *Jurisdiction,* Foreign land. *Limitations, Statute of. Equity Pleading and Practice,* Leave to file pleading, Copy of pleading to adversary, Discharge of hearing.

An enforceable resulting trust was sufficiently set forth by averments in · a bill in equity by a woman that land in Rhode Island had been purchased by a man wholly with money supplied by her, that in violation of an agreement with her he had taken title in his own name, and that after his death his heirs, defendants, claimed title to the land.

A suit in equity may be prosecuted against residents of this Commonwealth to enforce a resulting trust of land in Rhode Island.

Averments in a bill in equity, filed in 1946 to enforce a resulting trust, did not require the sustaining of a demurrer on the ground that the suit was barred by the statute of limitations where the averments set out that the defendants were heirs of a decedent who, in violation of an agreement with the plaintiff, had taken title in his own name to land purchased in 1931 wholly with money furnished by the plaintiff, that the decedent died in 1941, and that the plaintiff had no occasion to inquire and did not discover until after the decedent's death that title was not in the plaintiff's name.

A denial of a motion by the plaintiff in a suit in equity to strike out pleadings filed late by the defendant was equivalent to the granting of leave to file them under Rule 28 of the Superior Court (1932) and was within the discretion of the court where the pleadings sought to be struck out included a plea, a demurrer, and an answer without waiving the plea and demurrer, and the motion was filed after the sustaining of the demurrer.

A denial, without the imposition of terms, of a motion by the plaintiff in a suit in equity to strike out pleadings filed by the defendant because of a failure to furnish copies as required by Rule 21 of the Superior Court (1932) was within the discretion of the court.

Upon a confused record before this court, no error appeared in the discharge by a judge of the Superior Court of a hearing which was being conducted by him upon a plea in abatement in a suit in equity.

BILL IN EQUITY, filed in the Superior Court on September 3, 1946.

The defendants named in the bill are Ellen J. Peterson, Helen J. Johnson, Lydia E. Becker, Mary M. Johnson, Gustaf Lantinen, Jr., Albert J. Lantinen, and Raymond J.

Lantinen, all alleged to be heirs at law of John Hill. The first four named defendants hereinafter will be referred to as the first group, and the last three as the second group of defendants.

A plea in abatement was filed on September 19, 1946, by counsel then of record representing all the defendants and in their behalf, based on allegations that the plaintiff already had suits for the same cause pending in Rhode·Island and in Worcester County in this Commonwealth.

On September 23, 1946, different counsel entered an appearance for the  second group of defendants and filed a pleading which included a plea in abatement, a demurrer, and an answer to the merits.  On January 8, 1947, the plaintiff moved to strike out that pleading because of failure of those defendants to furnish copies thereof as required by Rule 21 of the Superior Court (1932).

On February 3, 1947, counsel who, as for all the defendants, on September 19, 1946, had filed the plea in abatement above described, withdrew their appearance for the second group of defendants, and on behalf of the first group of defendants filed in separate documents a "plea of res judicata" based on an allegation that, by reason of a certain decree in another suit for the same cause pending in the same court, the plaintiff was estopped from bringing the present suit; a demurrer to the bill; and an answer to the merits without waiving the demurrer or plea.

The record does not disclose any action by the court upon any of the pleas.

On June 30, 1947, there was filed a waiver of the plea in abatement filed on September 19, 1946, signed by the counsel who had filed that plea.  On July 2, 1947, the plaintiff filed a motion to strike out the waiver of the plea in abatement on the ground that the plea had been heard by *Leary*, J., although there had been no decree thereon.  On July 7, 1947, the plaintiff filed a motion for a decree on that plea in abatement.  On September 23, 1947, was filed a document as follows:  "Discharge of Hearing.  Any hearing before *Leary*, J., is hereby discharged.  *Leary*, J."

On October 6, 1947, by order of *Donnelly,* J., interlocutory decrees were entered denying the plaintiff's motions to strike out the pleading of the second group of defendants, filed on September 23, 1946, and the waiver, filed on June 30, 1947, of the plea in abatement, and sustaining the defendants' several demurrers. From these decrees the plaintiff appealed on October 16, 1947.

On October 29, 1947, the plaintiff filed two motions: a motion to strike out the "plea of res judicata," the demurrer, and the answer filed by the first group of defendants on February 3, 1947, and "that a final decree be entered in the above case."

On November 4, 1947, by order of *Donnelly,* J., the plaintiff's motion to strike filed on October 29, 1947, was denied, the motion that a final decree be entered was allowed, and a final decree was entered dismissing the bill.

On November 20, 1947, the plaintiff appealed from "orders of the court" denying "plaintiff's motions to strike out pleadings" and from the final decree.

*J. A. Anderson & F. A. Anderson,* for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

QUA, C.J. The demurrers of the defendants should have been overruled. The bill alleges that the defendants, residents of this Commonwealth, claim title to a farm in Rhode Island as heirs at law of John Hill, and that Hill in his lifetime bought the farm wholly with money supplied by the plaintiff but in violation of his agreement with the plaintiff and of her instructions took the title in his own name. These are sufficient allegations of a resulting trust in the land in favor of the plaintiff. *Bailey* v. *Hemenway,* 147 Mass. 326, 328. *Gerace* v. *Gerace,* 301 Mass. 14, 17–18. *Cohen* v. *Simon,* 304 Mass. 375, 377. *Gowell* v. *Twitchell,* 306 Mass. 482, 486. *Druker* v. *Druker,* 308 Mass. 229, 230. *MacNeil* v. *MacNeil,* 312 Mass. 183, 187. The allegations appear to be sufficient under the law of Rhode Island. *Reynolds* v. *Blaisdell,* 23 R. I. 16, 18–19. *Cetenich* v. *Fuvich,* 41 R. I. 107, 115–116. *Di Libero* v. *Pacitto,* 71 R. I. 361, 366. *Szlatenyi* v. *Cleverley,* 72 R. I. 253, 256.

The suit may be prosecuted here where the defendants can be reached, although the land is in another State. *Pingree* v. *Coffin*, 12 Gray, 288, 304. *Adams* v. *Messinger*, 147 Mass. 185, 191. *Beardsley* v. *Hall*, 291 Mass. 411, 417. *Hawley* v. *James*, 7 Paige Ch. 213. *Gardner* v. *Ogden*, 22 N. Y. 327. *Massie* v. *Watts*, 6 Cranch, 148, 157–160. *Penn* v. *Lord Baltimore*, 1 Ves. Sr. 444, 454. Restatement: Conflict of Laws, § 239, comment b, § 240, comment a, § 243, comment c. Compare *Felch* v. *Hooper*, 119 Mass. 52.

The bill does not show that the plaintiff's claim is barred by the statute of limitations. See *Fogg* v. *Price*, 145 Mass. 513, 516; *Gallagher* v. *Wheeler*, 292 Mass. 547, 550. The bill alleges that Hill acquired title in 1931 and died in 1941, and that the plaintiff had no occasion to inquire and did not discover until after his death that the deed was not in her name. This bill was filed in 1946. These facts do not show that the statute had run against the claim. *Atlantic National Bank* v. *Harris*, 118 Mass. 147, 153–154. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 201. *O'Brien* v. *O'Brien*, 238 Mass. 403, 411. *Akin* v. *Warner*, 318 Mass. 669, 676. G. L. (Ter. Ed.) c. 260, § 21.

The decrees denying the plaintiff's two motions to strike out pleadings filed by certain of the defendants are not, we think, open to the objections urged by the plaintiff. It was within the discretion of the court to grant leave for further pleading by the defendants after the plea in abatement originally filed in their behalf had been waived (Rule 28 of the Superior Court [1932]), and in the circumstances the denial of the plaintiff's motions to strike was the equivalent of such leave, even though entered after the new pleadings had purportedly been filed. No error appears in the failure to impose the "terms" provided for in the second paragraph of Rule 21. Evidence at the hearings on the motions may have shown that the copies required by the rule were given or waived. *McCarthy* v. *Hawes*, 299 Mass. 340, 341.

If we assume, without deciding, that the discharge by one of the judges of the Superior Court of "any hearing" before him was an appealable decree, and if we further

assume that, as the plaintiff insists, this related to a hearing on the original plea in abatement filed by the defendants, still there is nothing in the record to show that such hearing had been fully completed and that the matter was ripe for a decree, as the plaintiff now asserts. Neither is there anything to show that the hearing was not discharged for any one of the many possible reasons which might fully justify the discharge of a hearing even after its completion but before the decision. And after the discharge of the hearing on this plea we see no reason why the defendants' waiver of the plea could not take full effect.

As the pleadings filed by the defendants after their original plea in abatement have not yet been acted upon by the court below, we intimate no opinion as to their form or substance.

The interlocutory decrees sustaining the demurrers are reversed. The interlocutory decree and the order (here treated as a decree) denying the plaintiff's motions to strike out pleadings, the interlocutory decree denying the plaintiff's motion to strike out the defendants' waiver of their original plea in abatement, and the order (here treated as a decree) discharging "any" hearing are affirmed. The final decree dismissing the bill is reversed. The cause is to stand for hearing upon the pleadings filed by the defendants subsequent to their original plea in abatement filed September 19, 1946.

*So ordered.*