NICHOLAS P. SPILIOTIS & another, vs. VEANN C. CAMPBELL, executrix.

Essex.   October 16, 1981. — February 11, 1982.

Present: PERRETTA, ROSE, & DREBEN, JJ.

*Laches. Divorce and Separation, Alimony. Survival of Action.*

In an action for arrears in alimony and child support pursuant to a 1967 decree of divorce, the probate judge erred in dismissing, on the ground of laches, a complaint brought by the administratrix of the estate of a wife, who died in 1970, and her son, against the estate of her former husband, who died in 1979. [190]

The administratrix of a wife's estate was not barred as matter of law from recovering alimony arrears accrued prior to the wife's death. [190-192]

CIVIL ACTION commenced in the Essex Division of the Probate and Family Court Department on April 4, 1980.

A motion to dismiss was heard by *Sullivan*, J.

*John S. Legasey* for the plaintiffs.

*Katherine Liacos Izzo* (*Elaine S. Feld* with her) for the defendant.

DREBEN, J.   This action is brought by the administratrix of the estate of Concetta M. Spiliotis and by Nicholas P. Spiliotis, the son of Concetta, against the estate of Philip N. Spiliotis (Concetta's former husband and Nicholas's father) for arrears in alimony, child support, school tuition and books pursuant to a decree of divorce dated January 26, 1967.[1]  The complaint alleges that Concetta died on April 5, 1970, and that Philip died August 27, 1979, "having paid nothing" under the decree.  The defendant filed a motion to dismiss under Mass.R.Dom.Rel.P. 12(b)(6) (1975).  Although ruling that the complaint stated claims against the

---

[1] Prior to the effective date of the Mass.R.Dom.Rel.P., July 1, 1975, the word "decree" was used, rather than "judgment."

Spiliotis v. Campbell.

husband's estate, a judge of a Probate Court dismissed the action on the ground of laches. We reverse.

1. *Laches.* To sustain a defense of laches, mere delay is not enough. The person claiming the defense must also make a factual showing of prejudice. *Three Sons, Inc.* v. *Phoenix Ins. Co.,* 357 Mass. 271, 278 (1970). *Bullock* v. *Zeiders,* 12 Mass. App. Ct. 634, 636 (1981). It was error to dismiss the complaint on this ground as the complaint did not on its face show prejudice to the defendant. See 5 Wright & Miller, Federal Practice and Procedure § 1277 (1969).

Moreover, in cases involving alimony and support where, as here, the Probate Court has discretion, on the facts that may be proved, to modify the original judgment pursuant to G. L. c. 208, § 37, the authorities do not treat the matter as one of laches but consider the question of delay "subsumed in whether the circumstances of the parties [have] so changed as to require a modification of the earlier judgment." *Bullock* v. *Zeiders, supra* at 637. Thus, in *McIlroy* v. *McIlroy,* 208 Mass. 458, 465 (1911), where an action was brought in 1909 on a decree entered in 1892 ordering separate support payments, the court held that the rulings requested, including a request that the neglect of the wife to take action for more than fifteen years should be deemed laches, were rightly refused. This was so because the court in an action for unpaid alimony or support "could consider any change in the present position of the parties." The case of *Brown* v. *Greenlow,* 330 Mass. 88, 89-90 (1953), is to the same effect. There, an action was brought by a wife in 1952 against her husband's estate to recover arrears in alimony and child support which had remained unpaid since 1929. See also *Knapp* v. *Knapp,* 134 Mass. 353 (1883) (twenty-eight years).

2. *Claim for accrued alimony by wife's administratrix.* Since it would be futile to remand the matter for further proceedings if, as the defendant claims, Concetta's administratrix is barred from recovering as matter of law, and since the parties have briefed the issue, we consider whether a

judgment of alimony abates with the death of the obligee so that an administratrix is precluded as matter of law from recovering alimony arrears accrued at the date of her decedent's death.[2] Although there are dicta in old cases which would bar such an action, see *Holbrook* v. *Comstock,* 16 Gray 109, 110 (1860); *Allen* v. *Allen,* 100 Mass. 373, 374 (1868); *Knapp* v. *Knapp,* 134 Mass. at 355, quoting from *Allen* v. *Allen, supra*; see also *Gediman* v. *Cameron,* 306 Mass. 138, 141 (1940) (statute contemplates living parties), we have not been cited to any case in Massachusetts or elsewhere in the United States which holds that recovery is barred.

Indeed, in *Holbrook* v. *Comstock, supra* at 109-110, an award against a husband for nonpayment of accrued periodic payments was upheld after his wife's death. Arbitrators had awarded fifteen dollars quarterly "by way of alimony" to the wife. After defining alimony and after explaining that the basis for the rule which precluded recovery by the wife's executor was that arrears in alimony belonged to the husband, the court pointed out that the money due in the case at bar was not technically "alimony". This was so because the wife was free to dispose of it as a "feme sole" and, if she left a will, her beneficiaries had an interest in the arrears. *Id.* at 110-111.[3]

---

[2] Contrary to the contention made in the defendant's motion to dismiss, no additional adjudication of arrearages is necessary to bring this action. See *McIlroy* v. *McIlroy,* 208 Mass. at 464, 465.

[3] The court in *Holbrook, supra* at 110, discussed alimony as follows:

"Alimony is not considered to be the separate property of the wife; but it is that portion of the husband's estate which is allowed her for her present subsistence and livelihood. It is unlike property held for her sole and separate use. She ought to apply it exclusively to her support; and upon her death the arrears belong to her husband, subject only to the payment of her debts . . . . It is for this reason that the executor of the wife cannot recover any arrears of . . . alimony . . . against the husband, except for the payment of debts."

*Clark* v. *Clark,* 6 Watts & Serg. 85, 89 (Pa. 1843), also explains the rule in terms of property rights. In a divorce a mensa et thoro, the rights of the parties so far as regards succession to property, remain as during mar-

Because of the different legal setting concerning the rights of succession, see *DuMont* v. *Godbey,* 382 Mass. 234, 236 (1981), alimony does not now have the technical attributes it had at the time it was discussed in *Holbrook* v. *Comstock, supra.* See *Miller* v. *Clark,* 23 Ind. 370, 372-377 (1864) (statutory alimony is not the same as common law alimony). There is, therefore, no sound basis for following the dictum in *Holbrook.* See *Du Mont* v. *Godbey, supra* at 239. We choose rather to follow the *Holbrook* holding which permits recovery where the spouse is free to dispose of her property.

There are obvious policy considerations against adopting a rule which would give a spouse a financial incentive to disobey a judgment, and which would increase his potential reward each time he fails to make a payment required by the judgment. Moreover, as pointed out by the New York Court of Appeals, "To hold otherwise would be to defeat the object of the law and seriously impair the value of the decree in the wife's favor by depriving her" of a source of credit to obtain support. *Van Ness* v. *Ransom,* 215 N.Y. 557, 559, 560 (1915). The following cases also allow recovery by a wife's personal representative. *Heaton* v. *Davis,* 216 Ala. 197, 198-199 (1927). *Miller* v. *Clark,* 23 Ind. at 376-377. *Dinet* v. *Eigenmann,* 80 Ill. 274, 279 (1875), S.C. 86 Ill. 83 (1877), and 87 Ill. 260 (1877). *Gerrein's Adm'r.* v. *Michie,* 122 Ky. 250, 253-254 (1906). *Beyerlein* v. *Ashburn,* 334 Mich. 13, 15 (1952). See also *Greer* v. *Greer,* 110 Colo. 92, 95 (1942); *Siver* v. *Shebetka,* 245 Iowa 965, 969-970 (1954); *Leutzinger* v. *McNeely,* 216 Mo. App. 699, 702-704 (1925); *Stewart* v. *White,* 15 N.J. Misc. 542, 544 (Sup. Ct. 1937). Cf. *Bourman* v. *Bourman,* 155 Kan. 602, 605-606 (1942); *Coffman* v. *Finney,* 65 Ohio St. 61, 68-69 (1901). We agree with the trial judge's conclusion that the complaint does state a claim against the de-

---

riage, and the husband is entitled to all the wife's personal property. "From this it would result, that the arrears of alimony belong to the husband; and it would seem to be against right to compel him to pay to another that which belongs to himself." Nevertheless, in that case, the action was allowed for the benefit of the wife's creditors.

fendant and that the plaintiff administratrix is not barred from bringing an action for arrearages in alimony accrued prior to Concetta's death.

At our request the parties filed supplementary briefs discussing Nicholas's right to seek recovery from his father's estate. See *Luster* v. *Luster*, 299 Mass. 480, 484-485 (1938), and *Sorensen* v. *Sorensen*, 369 Mass. 350, 353 (1975), commenting on possible actions between a parent and a minor child in matters of contract and property. See also *Mills* v. *Mills*, 4 Mass. App. Ct. 273, 277 (1976). Because of the difficulties pointed out by the parties, we conclude that these questions would best be resolved with "the benefit of a record of facts agreed upon or actually established by proof rather than from mere allegations in a complaint as in the present case." *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 100 (1979). See also *id.* at 99; *Nader* v. *Citron*, 372 Mass. 96, 105 (1977).

The judgment is reversed, and the matter is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*