JACK SILVIA, executor, *vs*. MARILYN A. LEWIS, trustee,[1] & another.[2] No. 87-900. November 3, 1987. *Limitations, Statute of. Incompetent Person,* Statute of limitations. *Deed,* Acknowledgement. *Laches.*

Count (1) of the plaintiff's complaint alleges that he is the executor of the will of Walter A. Silvia and that the testator, while mentally incompetent, conveyed a one-half interest in two pieces of land to the defendant Golden who, in turn, conveyed them to the defendant Lewis. Count (2) alleges that the conveyance to Golden was induced by fraud.

Although, as the plaintiff concedes, the fraud counts are barred by the statute of limitations, count (1) states an independent claim for relief. A "deed of an insane person is ineffectual to convey a title to land . . . unless it is confirmed by the grantor himself when of sound mind, or by his legally constituted guardian, or by his heirs or devisees." *Brewster* v. *Weston,* 235 Mass. 14, 15-16 (1920). The claim is governed by G. L. c. 260, § 21. See *Hill* v. *Peterson,* 323 Mass. 384, 387 (1948). See also *Hornig* v. *Hornig,* 6 Mass. App. Ct. 109, 110 (1978), where the court did not need to reach the question whether G. L. c. 260, § 2A, rather than G. L. c. 260, § 21, was the applicable statute of limitations. Since the action was brought within the period allowed by c. 260, § 21, neither c. 260, § 26,[3] as in effect at the time of the testator's death, nor its repeal by St. 1979, c. 402, § 3, is of relevance. It was, therefore, error to allow the defendants' motions for summary judgment and to dismiss the plaintiff's action.

The record does not show facts sufficient to sustain a claim of laches and this defense must await proof in further proceedings. See *Three Sons, Inc.* v. *Phoenix Ins. Co.,* 357 Mass. 271, 278 (1970); *Spiliotis* v. *Campbell,* 13 Mass. App. Ct. 189, 190 (1982).

*Judgments reversed.*

The case was submitted on briefs.
*Michael Savage* for the plaintiff.
*John F. Mee* for the defendants.

---

[1] Trustee of the Siwel Realty Trust.

[2] Irwin Golden.

[3] The action was also brought within the time limits of c. 260, § 26.