# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Janice H. Brown

v.

Robert R. Brown et al.

October 11, 2007

Case No. (Civil) CL03-1168

BY JUDGE V. THOMAS FOREHAND, JR.

This matter is before the Court on defendant's Motion to Quash Continuing Garnishment Order and Summons. The Court has considered counsel's oral arguments, which were heard on September 5, 2007, as well as briefs subsequently filed by counsel. The parties have stipulated to the following facts.

*Facts*

On December 3, 2002, judgment creditor, Janice H. Brown obtained a judgment in her favor against the judgment debtor, Robert R. Brown, for an arrearage in court-ordered spousal support payments in the Chesapeake Juvenile and Domestic Relations District Court. The judgment was docketed in this Court and a Garnishment Summons was duly issued. The garnishee defendant is the United States of America, Social Security Administration. The Garnishment Summons was duly served upon the Social Security Administration and the judgment debtor, who was at that time residing in the State of Florida.

On the return date of the garnishment, a Petition for Continuing Garnishment was presented to the Court; on March 2, 2004, an Order for Continuing Garnishment was entered to enforce the judgment and directed the garnishee defendant to withhold $626.00 per month or 65% (whichever was less) of the judgment debtor's monthly Social Security benefit payments,

which withholdings were to be credited toward the judgment for spousal support arrearages. The Social Security Administration complied and began deducting payments.

On April 11, 2007, Ms. Brown passed away; her will nominated her daughter, Susan Michelle Brown Kruse as executrix. Ms. Kruse was duly appointed executrix of the estate by the Clerk of this Court on May 2, 2007. The garnishment continued, and the garnishment checks were deposited into the account set up for the Estate of Janice Brown. As of August 2007, the balance due on the garnishment was $21,184.57. The anticipated payoff date of the garnishment is October 2010. On August 10, 2007, Mr. Brown filed a Motion to Quash Continuing Garnishment Order and Summons, asserting that the death of Ms. Brown terminated the authority under which the Continuing Garnishment Order directed the United States of America to withhold Mr. Brown's Social security entitlement.

*Analysis*

In 42 U.S.C. § 659, Congress waived the sovereign immunity of the United States and the District of Columbia to allow garnishment of moneys due individuals for the enforcement against such individuals of their legal obligations to provide child support or make spousal support payments. *Butler v. Butler,* 221 Va. 1035, 1037–38, 277 S.E.2d 180, 181–82 (1981); *see Diaz v. Diaz,* 568 F.2d 1061, 1063 (4th Cir. 1977). This exception to sovereign immunity is implemented in the Commonwealth by Va. Code § 20-78.1, which provides, in part: "A judgment for arrearage, or an order or decree of support for a spouse . . . may be enforced in any garnishment proceeding in which the liability is against the United States of America." Va. Code § 20-78.1(A). Subsection B of § 20-78.1 further provides that, in the case of an arrearage, the garnishment shall continue "until the sum or sums of money found to be in arrears are paid in full."

"[G]enerally, the legal representative of a deceased dependent spouse may recover from the obligor spouse, or the estate of the obligor spouse, any arrearages of [spousal support] due at the time of the dependent spouse's death." 24A Am. Jur. 2d, *Divorce and Separation,* § 869 (1998); *see, e.g., Joe v. Joe,* 891 So. 2d 879 (Ala. Civ. App. 2004) (holding that wife's death ended the husband's obligation to pay periodic spousal support, but did not end the husband's obligation to satisfy a judgment entered against him for past-due periodic spousal support); *Spiliotis v. Campbell,* 431 N.E.2d 591 (Mass. App. 1982) (holding that a plaintiff administratrix was not barred from bringing an action for arrearages in alimony that accrued prior to the death of one of the parties); *Beyerlein v. Ashburn,* 53 N.W.2d 666 (Mich. 1952) (holding that the right to enforce alimony arrears did not abate upon the wife's death).

"There are obvious policy considerations against adopting a rule which would give a spouse a financial incentive to disobey a judgment, and which would increase his potential reward each time he fails to make a payment required by the judgment. . . . To hold otherwise would be to defeat the object of the law and seriously impair the value of the decree in the wife's favor by depriving her of a source of credit to obtain support." *Spiliotis*, 431 N.E.2d at 593.

The wording of 42 U.S.C. § 659(a) is clear; it provides, in part, that moneys due from or payable by the United States or the District of Columbia are subject to withholding in accordance with State law "to *enforce the legal obligation of the individual to provide support or alimony*." 42 U.S.C. § 659(a) (emphasis added) Further, as stated *supra*, Va. Code § 20-78.1(B) provides, in part: "Any garnishment under the provisions of this section *shall continue* . . . in the case of an *arrearage*, until the sum or sums of money found to be in arrears *are paid in full*." Va. Code § 20-78.1(B) (emphasis added). The death of Ms. Brown did not change the nature of the original judgment against the defendant for spousal support arrearages, that is to say, because the arrearages for spousal support due to Ms. Brown at the time of her death are recoverable by the executrix of her estate, the defendant's *legal obligation* to provide spousal support (which had already accrued at the time of Ms. Brown's death and which arrearage had been reduced to a judgment) remains unchanged. The Continuing Garnishment Order entered by this Court on March 2, 2004, should remain in place until the arrears are paid in full.

Therefore, the Court is of the opinion that the defendant's Motion to Quash Continuing Garnishment Order and Summons should be denied.